BERTRÁN ET AL., DEMANDANTES Y APELANTES, *v.* CARRASQUILLO ET AL. DEMANDADOS Y APELADOS.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre cobro de dinero.   Memorándum de costas.

No. 2427.—Resuelto en junio 2, 1921.

HONORARIOS DE ABOGADO EXCESIVOS—MEMORÁNDUM DE COSTAS—VALORACIÓN DE HONORARIOS DE ABOGADO.—Si el montante de los honorarios de abogado no está prescrito por el estatuto, la corte tiene poder discrecional para fijarlo, sin que esté constreñida por las opiniones de abogados sobre el valor de los servicios. Las circunstancias que deben considerarse en tales casos, se expresan en la opinión.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. F. González.*

Abogados de los apelados: *Sres. R. López Antongiorgi y F. Cervoni Gely.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Se trata de un caso sobre honorarios de abogado. En la Corte de Distrito de Humacao se entabló demanda por los apelantes contra los apelados en reclamación de nueve mil

dólares.    Formularon excepciones previas los demandados y discutidas que fueron, las declaró sin lugar la corte de distrito.    Contestaron entonces la demanda.    Los demandantes presentaron una moción eliminatoria que fué discutida y resuelta en contra de los mismos.    Se celebró el juicio.    Duró un solo día.    Terminada la prueba de los demandantes, los demandados presentaron una moción de *non suit* que fué declarada sin lugar.    Los demandados no presentaron prueba.    La corte finalmente dictó sentencia en contra de los demandantes imponiéndoles las. costas.

Los demandados archivaron su *memorandum* que comprende sólo dos partidas, una de cinco dólares por honorarios del secretario y otra de mil quinientos por honorarios de abogados.

Los demandantes impugnaron la partida de honorarios de abogado por excesiva.    La corte aprobó los cinco dólares del secretario y fijó en mil los honorarios. de abogado.

Apelaron los demandantes para ante esta Corte Suprema y sostienen en su alegato "que la cantidad fijada por la corte es excesiva si se tiene en cuenta el trabajo intelectual que tuvieron que realizar los letrados para contestar la demanda y la cuantía envuelta en el litigio.    Basta examinar las alegaciones para llegar a la conclusión de que el trabajo de los letrados de los demandados no vale la suma fijada por la corte y que al conceder esa suma abusó de su discreción    *    *    *.    En este pleito la parte demandada no presentó prueba alguna y se limitó a discutir las cuestiones de derecho ya planteadas en su contestación, cuestiones que no eran de gran importancia y que no requerían un detenido estudio."

Contestan los apelados que la argumentación de los apelantes "se combate a sí misma, pues es natural presumir que la corte al conceder la suma de honorarios que concedió tuvo en cuenta las circunstancias especiales del caso y el trabajo material y mental realizado."

Corpus Juris, resumiendo la jurisprudencia sobre la materia, dice:

"El montante y partidas cobrables como honorarios de abogado debe basarse desde luego en los estatutos o las estipulaciones de las partes autorizando su concesión. Aunque hay algunas autoridades en sentido contrario, si el estatuto fija una suma específica la corte no puede conceder una suma mayor; pero si más de la cantidad prescrita por el estatuto es cobrada, el error queda subsanado si el exceso se reembolsa antes de establecerse apelación. Si el montante no está prescrito por estatuto, la corte tiene la facultad, dentro de los límites de la discreción judicial, de fijar el montante de los honorarios de abogado; y a menos que se demuestre que la corte ha abusado de su discreción la corte revisora no intervendrá. Al fijar la cantidad que ha de ser concedida, la corte no está constreñida por las opiniones de abogados sobre el valor de los servicios, sino que hasta cierto punto debe actuar a juicio propio al determinar su valor, puesto que tiene los conocimientos y habilidad necesarios para formar una opinión razonablemente correcta sobre qué compensación sería justa y razonable. Es, desde luego, factible para la corte el examinar prueba al determinar qué cantidad sería justa y razonable; y de acuerdo con algunas decisiones, la corte debe hacerlo así, aunque se ha resuelto que la corte sentenciadora no tiene necesidad de oir declaraciones sobre lo razonable de unos honorarios de abogado incluídos en la condena de costas, cuando no se ofrezca prueba sobre la materia." 15 C. J. 117-118.

En Puerto Rico la ley no fija el montante, sino la corte. La misma obra, Corpus Juris, en su estudio sobre "Attorney and Client," dice:

"Las circunstancias que han de ser consideradas al determinar la compensación que ha de recobrarse, son la extensión y naturaleza de los servicios prestados; el trabajo, tiempo y molestias envueltos; la índole e importancia del litigio o asunto en el cual fueron prestados los servicios; la responsabilidad impuesta; la suma de dinero o el valor de la propiedad a que afecte la controversia, o comprendidos en la gestión; la habilidad y conocimiento requeridos para la ejecución de los servicios; el carácter profesional y reputación del abogado; los resultados obtenidos, y si los honorarios son o no precisos o eventuales, siendo una regla reconocida que un abogado puede

debidamente ·cobrar honorarios mucho más crecidos cuando son eventuales que cuando no lo son. También puede considerarse por el jurado la condición económica del demandado, no para aumentar la suma a más de una compensación razonable sino para determinar si puede él pagar o no una justa y razonable compensación por los servicios prestados, o como un incidente al establecer la importancia y seriedad de los intereses envueltos en el litigio. Pero lo que ha de ser honorarios razonables debe depender en gran parte de los hechos de cada caso en particular, y ser resuelto como cualquier otro hecho en controversia en un procedimiento judicial. Si bien se aceptan las opiniones y merecen debida consideración, las cortes están bien autorizadas para formar un criterio independiente sobre tales cuestiones, y es su deber hacerlo así.'' 6 Corpus Juris, 750 a 752.

Aplicando los anteriores principios a este caso particular, creemos que el apelante tiene razón. Sólo tres escritos formuló el abogado de los demandados, a saber: las excepciones, la contestación y la moción de *non suit,* y por solo tres días se vió obligado a concurrir a la corte, esto es: a discutir las excepciones, a argumentar la moción eliminatoria y a intervenir en la vista. Examinadas las alegaciones no revelan cuestiones difíciles y complicadas. Seguramente que el abogado dedicó varios días al estudio del caso y fué consultado varias veces por su cliente y en el curso del asunto tuvo su atención pendiente de él, pero creemos que la suma de mil dólares es realmente excesiva. La de seiscientos dollars nos parece suficiente.

Por virtud de todo lo expuesto, debe modificarse en el sentido indicado la orden apelada.

> *Modificada la orden apelada de manera que los demandantes paguen en concepto de honorarios la suma de seiscientos dólares.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.