## Díaz, Demandante y Apelado, *v.* Porto Rico Railway, Light & Power Co., Demandada y Apelante.

### No. 3209.—*Visto:* Marzo 7, 1924.  *Resuelto:* Abril 15, 1924.

Juramento en el Memorándum de Costas—Conocimiento del Abogado que Jura.—Se atacó en este caso la validez del juramento prestado por el abogado en el memorándum de costas por no expresar el secretario de la corte que conoce al abogado y por aparecer la firma de éste después de la palabras "Suscrito y jurado  *  *  *  ," junto y antepuesta a la firma del secretario autorizante. *Se resolvió:* que atendida la sección 9 de la ley sobre *affidavits* de 1908, el dejar el secretario de dar fe del conocimiento del abogado no invalida el juramento; y que el aparecer la firma del abogado en la forma antes expresada, es un defecto clerical que tampoco lo invalida.

Honorarios de Abogado—Cuantía de los Honorarios.—La reclamación original se estableció por $7,000 y la sentencia concedió al demandante la suma de $3,500. El memorándum en cuanto a la partida de honorarios de abogado monta a la suma de $2,000 y la corte inferior, después de oír las declaraciones de abogados de una y otra parte, los redujo a la suma de $1,200. Teniendo en cuenta el resultado de la sentencia y el trabajo que se ha realizado por los abogados de los demandantes, nos parece que fué exagerada la suma acordada por honorarios. Como alegaciones de la demandada hubo excepción previa y contestación. El juicio fué celebrado y duró medio día. No existe ninguna otra circunstancia que pueda considerarse para elevar los honorarios a $1,200. La suma de $700 que como máximum fijó el perito de la apelante es una cantidad razonable.

Resolución de *Charles E. Foote,* J. (San Juan, Primer Distrito), en una impugnación al memorándum de costas. *Confirmada, modificando la partida de honorarios.*

*J. H. Brown* y *C. Ruiz Nazario,* abogados de la apelante; *Rincón* y *Vizcarrondo,* abogados del apelado.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

Se apela de una resolución aprobando un memorándum de costas. La partida impugnada se refiere al montante de honorarios de abogado fijado por la corte inferior.

La asignación de errores consiste: en ser nulo el juramento que contiene el memorándum, y haber sido excesiva la suma de $1,200 que, en concepto de honorarios de abogado, aprobó la corte inferior.

El primer error se funda en no contener el juramento la declaración por el funcionario que lo autoriza de conocer

al abogado que presta el juramento, y no aparecer la firma del interesado en el sitio correspondiente del memorándum, sino después de las palabras "Suscrito y jurado * * *," junto y antepuesta a la firma del secretario que recibió el juramento.

Pero este es un defecto más bien clerical que no invalida el juramento. En el *affidavit* se hace constar que Luis Vizcarrondo, después de prestar el juramento debido, es uno de los abogados del demandante y esto aclara su identidad no obstante aparecer su firma junto a la del secretario y no en el sitio que correspondía del *affidavit*.

La ley estableciendo el registro de *affidavits*, aprobada en marzo 12 de 1908, (Comp. 1911, sec. 23) dispone en la sección 3ª las diferentes fórmulas a que deben ajustarse y en todas ellas es un requisito que el funcionario autorizante dé fe del conocimiento del interesado o de los testigos de conocimiento; pero al mismo tiempo por la sección 9 se prescribe lo siguiente:

"Sección 9.—No se entenderán comprendidas en esta ley las declaraciones prestadas en procedimientos judiciales, o gubernativos, ante jueces o funcionarios de cualquiera clase, en asuntos de su jurisdicción."

De esto se desprende que la omisión de dar fe el secretario del conocimiento personal del abogado, no afecta a la validez del juramento por ser un requisito innecesario, ya que hay que presumir que un abogado que lleva la dirección de un pleito está debidamente admitido a ejercer la profesión y como tal se le considera funcionario dependiente de la corte.

Por el segundo error se sostiene que los honorarios fijados fueron excesivos.

La reclamación original se estableció por $7,000 y la sentencia concedió al demandante la suma de $3,500. El memorándum en cuanto a la partida de honorarios de abo-

gado monta a la suma de $2,000 y la corte inferior, después de oir las declaraciones de abogados de una y otra parte, los redujo a la suma de $1,200.

Teniendo en cuenta el resultado de la sentencia y el trabajo que se ha realizado por los abogados de los demandantes, nos parece que fué exagerada la suma acordada por honorarios. Como alegaciones de la demandada hubo excepción previa y contestación. El juicio fué celebrado y duró medio día. No existe ninguna otra circunstancia que pueda considerarse para elevar los honorarios a $1,200. La suma de $700 que como máximum fijó el perito de la apelante es una cantidad razonable. Véanse además los casos *Beltrán et al.* v. *Carrasquillo*, 29 D.P.R. 559 y 563 respectivamente.

Por lo expuesto debe modificarse la resolución inferior reduciéndose las partidas de honorarios a la suma de $700.

*Confirmada.*