MODESTO RUIDÍAZ, demandante y apelante, *v.* JOSÉ MÉNDEZ PÉREZ, JOSÉ y AQUILINA COLÓN, demandados y apelados.

No. 5005.—*Sometido:* Enero 23, 1930. *Resuelto:* Mayo 31, 1930.

*C. del Toro Fernández,* abogado del apelante; *José C. Jusino,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

En un caso tramitado ante la Corte de Distrito de San Juan, a virtud de demanda de Modesto Ruidíaz contra José Méndez Pérez y otros, sobre tercería, y en el que hubo una petición y una orden de *injunction,* la corte dictó sentencia por la que desestimó la demanda de tercería, y anuló el auto de *injunction* que había dictado; ordenó que la finca, de que se trataba en el caso respondiera de cierta sentencia; y condenó al demandante en tercería Modesto Ruidíaz al pago de

las costas y gastos del pleito. Se presentó por la parte victoriosa un memorándum de costas, que fué impugnado por Ruidíaz; y la corte, después de oír a las partes y considerar la prueba presentada, aprobó un estado de costas como sigue:

"RESOLUCIÓN. La Corte, resolviendo ahora el memorándum de costas y desembolsos presentado por el demandado y que fué impugnado por el demandante, lo hace en la siguiente forma:

"Indemnización de testigo: Juan Orraca de Bayamón a San Juan dos viajes, $10.00—José Orraca de Bayamón a San Juan un viaje, 5.00—José Méndez de Bayamón a San Juan dos viajes, 10.00—Edictos a 'La Democracia' en el caso suspendido, 8.75—Orden al marshal, de remate, 3.00—Siete certificados al abogado del demandante, 1.40—Citación de testigos en tres distintas ocasiones, 15.00—Certificaciones del embargo en el Registro de la Propiedad, 2.00—Anotación sentencia de tercería, 2.00—Certificado sentencia Secretaría Corte, .60—Honorarios de abogado tres vistas en el Injunction que la Corte por la presente fija en 300.00—Honorarios de abogado en el caso de tercería que la Corte, por la presente, fija en 700.00—Total, $1,067.75.

"Y se ordena y decreta, que al demandante Modesto Ruidíaz, en su oportunidad y previos los trámites legales, pague al demandado José Méndez Pérez, la suma de MIL SESENTA Y SIETE DOLLARS setenta y cinco centavos, $1,067.75, a que asciende dicho memorándum.

"San Juan, Puerto Rico, a 31 de diciembre de 1928."

Contra esta resolución se ha interpuesto por Modesto Ruidíaz la apelación que resolvemos, y que se funda en dos señalamientos de error, el primero de los cuales se ha formulado así:

"La corte de distrito del distrito judicial de San Juan erró al impartirle su aprobación a las partidas de $10 para José Orraca, de $5 para José Ramos, y de $10 para José Méndez, sin que para sostenerlas se introdujera evidencia alguna por el demandado y apelado, sin embargo de haber sido impugnadas bajo juramento."

■ El haberse hecho la impugnación bajo juramento es algo que no tiene gran importancia. Primero, porque las partidas se presentaron .en el memorándum bajo juramento también. Segundo, porque el juramento en estos casos de memorándum de costas, si bien puede asegurar el hecho de que

se pagaron las sumas, no tiene nada que ver con la califica-
ción de justo o excesivo de su montante.

■ Se trata de testigos que se alega han hecho, dos viajes
Orraca y Méndez, y un viaje Ramos; y por cada viaje se
les abonan cinco dólares. Si ése es el solo concepto, el gasto
no es justificable, por ser bastante alto. Si hay otros con-
ceptos, abono de indemnización, etc., se ha debido probar esto.

La parte apelante tiene razón en cuanto al primer seña-
lamiento de error.

■ El segundo señalamiento es así:

"La corte de distrito del distrito judicial de San Juan erró mal
usando su discreción al conceder por honorarios de abogado a la parte
contraria la suma de un mil dollars ($1,000.00) que en este pleito es
irrazonable y excesiva."

La finca de que se trataba en este caso había sido adju-
dicada, por lo que parece, a Ruidíaz en $700. Pero también
aparece que la cantidad por que se hipotecó a Méndez fué
de $2,644.65. Parece indudable que el valor no era de $700,
sino mucho más alto, ya que había de cubrir cuando menos
el importe de la hipoteca.

Hemos visto, con el posible detenimiento, las alegaciones
y los alegatos de los abogados. Las cuestiones principales
son de preferencia, ya de créditos, ya de embargo, o de anota-
ciones, y efectos de éstas; quizá todas las presentadas no
fueron de absoluta necesidad. Se celebraron tres vistas en
la última de las que se llegó a simplificar el caso, estipulando
las partes en cuanto a varios extremos de los alegados; y
parece que hubo otra vista más en la tercería; pero esto
no es un extremo demasiado importante.

En cuanto a la temeridad, ella había servido de base para
imponer las costas; y esto es suficiente en este caso.

La parte victoriosa fijó los honorarios de abogado en la
tercería en $1,500, y en el *injunction* en $800. La corte
redujo esos montantes a $700 por la tercería, y $300 por el
*injunction.*

La prueba da un conocimiento bastante claro del trabajo del abogado, esfuerzo y estudio que requirió, e importancia del mismo en general.

Es cierto que no se puede llegar a un exacto conocimiento del valor materia del pleito. Pero creemos que con los datos del récord nadie podría hacerlo subir a mucho más de $3,000. El valor es uno de tantos elementos, nunca el único, ni el más importante, para graduar los honorarios.

La parte apelante invoca los casos de Beltrán v. Carrasquillo, 29 D.P.R. 563, en que se dijo que al graduar los honorarios, debe tenerse en cuenta generalmente la cuantía y naturaleza del pleito; y los casos Roca v. Díaz, 33 D.P.R. 198, Díaz v. P. R. Ry. etc., 33 D.P.R. 25, y López Ramírez v. Benítez, 34 D.P.R. 593, en los que este tribunal rebajó la cuantía de los honorarios.

Si hemos de considerar la cuantía, sin que ello perjudique en nada al buen concepto que nos merece el trabajo del abogado en el caso, las sumas de $500 como honorarios en la tercería, y $300 como honorarios en el injunction, ambas para las costas de la parte victoriosa, serán razonables y discretas.

Por las razones apuntadas, se modifica la resolución apelada en el sentido de fijar los honorarios de abogado en la suma total de $800; y en cuanto a las costas por viajes de los testigos, dejándolas en la suma de $3 por cada viaje, y así modificada se confirma.