HENRY MASON, demandante y apelado, *v.* WHITE STAR BUS LINE, INC., demandada y apelante.

Núm. 7562.—*Sometido:* Junio 15, 1938. *Resuelto:* Junio 22, 1938.

*C. Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados de la apelante; *Brown, González & Newsom* y *Sergio Gelpí,* abogados del apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

La demanda en este caso fué radicada el 30 de enero de 1933 y el 19 de febrero de 1934 la corte de distrito dictó sentencia condenando a la demandada a pagar al demandante la cantidad de $2,429 por concepto de daños y perjuicios, más las costas, desembolsos y honorarios de abogado. Apeló la demandada para ante este tribunal, siendo confirmada la sentencia el 19 de enero de 1937. *Mason* v. *White Star Bus Line, Inc.*, 50 D.P.R. 833.

Radicó entonces el demandante su memorándum de costas, que incluye las siguientes partidas:

| | |
|---|---:|
| Honorarios de citación | $2.00 |
| Honorarios del secretario | 10.00 |
| Gastos de deposición de Rafael Ríos, Jr. | 16.90 |
| Gastos de deposición de Charles Duff | 10.00 |
| Honorarios de abogado | 1,000.00 |
| Total | $1,038.90 |

Compareció la demandada e impugnó el memorándum de costas, alegando:

(*a*) Que las partidas 3 y 4 por gastos de deposición de los testigos Ríos Jr. y Duff deben reducirse a $5 cada una, conforme dispone el inciso (5) del artículo 327 del Código de Enjuiciamiento Civil según fué enmendado por la Ley núm. 69 de 11 de mayo de 1936. (Leyes de ese año, pág. 353.)

(*b*) Que la corte carece de jurisdicción para conocer del memorándum de costas, porque dicho procedimiento no se halla autorizado por ley alguna, toda vez que el artículo 339 del Código de Enjuiciamiento Civil que prescribe la forma y manera de fijar las costas y el artículo 327 del mismo cuerpo legal que dispone la forma y manera de fijar la cuantía de los honorarios de abogado, tal y como fueron enmendados por la Ley núm. 69 de 11 de mayo de 1936, por ser de carácter procesal tienen efecto retroactivo, son por

consiguiente aplicables al presente caso y no se ha seguido el procedimiento prescrito en dichos preceptos.

(c) Para el caso de que la corte entendiere que tiene jurisdicción para conocer de dicho procedimiento, impugna además la partida de honorarios de abogado por estimarla excesiva de acuerdo con las circunstancias del caso.

Trabada así la contienda, la resolvió la corte *a quo* por resolución de 27 de mayo del año pasado. Se declaró con jurisdicción para conocer del procedimiento por estimar que el artículo 327 del código citado, tanto en la forma en que regía en la fecha en que se dictó la sentencia el 19 de febrero de 1934 como cuando se confirmó por este tribunal, no es de carácter adjetivo o procesal, sino de naturaleza substantiva, y que habiéndose concedido las costas bajo el imperio de la ley anterior, tienen éstas el carácter de una obligación o deuda como parte de la sentencia. Resolvió además la corte que aunque se considerase el artículo 327 tal y como rige en la actualidad, de carácter procesal, no podría alterar el derecho adquirido por el demandante al amparo de la legislación anterior ni podría afectar su derecho a las costas. Aprobó las partidas 1 y 2 por no haber sido impugnadas, redujo las partidas 3 y 4 a $5 cada una y la de honorarios de abogado a $500, aprobando el memorándum por la cantidad total de $522.

Fué contra esta resolución aprobatoria del memorándum de costas que se estableció el presente recurso.

Insiste la apelante en el carácter retroactivo de los artículos citados, para llegar a la conclusión de que debe revocarse la resolución apelada, toda vez que aplicándose dichos artículos como regían al confirmarse la sentencia el 19 de enero de 1937, el memorándum de costas habría sido radicado fuera de tiempo y la cuantía de honorarios de abogado no podía fijarse en la resolución aprobatoria del memorándum, sino en la propia sentencia que los concedió.

Una y otra parte han presentado extensos alegatos en apoyo de sus respectivas posiciones, pero a nuestro juicio la solución del problema no ofrece dificultad alguna.

La regla general invocada por la apelante al efecto de que las leyes de carácter procesal tienen efecto retroactivo y se aplican tanto a los casos pendientes en la fecha de su aprobación como a los futuros, está muy bien establecida y universalmente aceptada. Pero es regla de oro en materia de interpretación de leyes que el objeto primordial de todas las reglas de hermenéutica no es conseguir un objetivo arbitrario preconcebido, sino dar efecto al propósito del legislador. *Spicer* v. *Benefit Asso. R. E.*, 90 A.L.R. 517, 522. En armonía con este principio, la regla general invocada por la apelante, como todas las de su clase, tiene una excepción, y es que no se da efecto retroactivo a las leyes procesales cuando de la propia ley resulta expresa o implícitamente que no fué ésa la intención del legislador. *Paulsen* v. *Reinecke*, 97 A.L.R. 1184, 1186; *Stallings* v. *Stallings*, 148 So. 687, 689.

El principio antes enunciado no es nuevo en esta jurisdicción. En el caso de *Guerra* v. *Carrión*, 47 D.P.R. 798, 800, este tribunal citó con aprobación de 59 Corpus Juris 1173–1176 las secciones 700 y 701, de cuya cita tomamos el siguiente párrafo:

"La Legislatura tiene pleno dominio sobre la forma, términos y manera de proseguir los litigios *y cuando al considerar todo el estatuto relativo a estas cuestiones se desprenda que ha sido la intención legislativa darle efecto retroactivo, se le dará tal efecto.*" (Bastardillas nuestras.)

Recientemente, en el caso de *Zayas Pizarro* v. *Molina*, 50 D.P.R. 647, 650, este tribunal citó con aprobación un párrafo de la Corte Suprema de Oklahoma en el caso de *Shelby-Downard Asphalt Co.* v. *Enyart*, 170 Pac. 708, que **dice así:**

"Bajo la bien establecida regla de que un estatuto que se aplica exclusivamente a procedimiento debe surtir efecto retroactivo, *a menos que aparezca que la Legislatura intentó que operara prospectivamente* nosotros opinamos que esta enmienda debe ser interpretada en el sentido de comprender y abrazar causas de acción existentes al tiempo de entrar la ley en vigor, del mismo modo que aquéllas que se originaren después." (Bastardillas nuestras.)

■ Veamos ahora cuál fué el propósito legislativo al enmendar los artículos 327 y 339 del Código de Enjuiciamiento Civil por la Ley núm. 69 de 11 de mayo de 1936.

El artículo 327, supra, según regía en la fecha en que se dictó la sentencia por el tribunal inferior en lo pertinente decía así:

"Art. 327. Las partes en acciones o procedimientos, incluyendo El Pueblo de Puerto Rico, tendrán derecho a las costas y desembolsos, sujeto a las reglas que más adelante se prescriben.

"En todos los casos en que se hayan concedido a una parte las costas en una acción o procedimiento en la corte de distrito, dicha parte, a discreción de la corte de distrito, tendrá derecho a recibir de la parte vencida una cantidad que represente el valor de los servicios de su abogado o una parte de dicha cantidad; . . ."

El artículo 339 del mismo código, tal y como regía en la misma fecha, en lo pertinente decía así:

"Art. 339. Las costas se reclamarán por la parte a la cual hayan sido concedidas, entregando al secretario de la corte en que se hubiere dictado sentencia en primera instancia un memorándum de dichas costas, *de los desembolsos necesariamente hechos por el reclamante en el pleito y del montante de los honorarios de su letrado, la veracidad del cual memorándum deberá ser jurada por la parte o su abogado;* y la entrega de dicho memorándum se hará dentro de los diez días siguientes al en que haya vencido el término para apelar de la sentencia dictada en el caso de que no se hubiere apelado; si se hubiere apelado, la entrega se hará dentro de los diez días siguientes al en que se haya recibido en la corte sentenciadora en primera instancia aviso oficial de la resolución dictada en apelación en última instancia.

"A la parte condenada al pago deberá servírsele una copia de dicho memorándum por la que lo presente, pudiendo aquélla im-

pugnar todas o cualesquiera de sus partidas dentro de los diez días siguientes al en que se le haya entregado su copia. En caso de impugnación, la parte contraria, dentro de los cinco días siguientes al en que se le haya entregado la copia de aquélla, podrá contestarla. La corte señalará día para la vista del asunto y celebrada ésta, practicándose en el acto las pruebas pertinentes que las partes propongan, dictará su resolución.

"Si se hubiesen impugnado los honorarios de un abogado por excesivos, la corte, al resolver la impugnación si la declara con lugar fijará el montante de aquéllos que deben ser pagados.

"." "

El mismo artículo 327, tal y como fué enmendado por la ley citada, luego de conceder el derecho a las costas a favor de la parte victoriosa, al referirse a los honorarios de abogado dice así:

"En caso de que cualquier parte haya procedido con temeridad, la corte debe imponerle en su sentencia el pago de los honorarios del abogado de la otra parte, estableciendo en su sentencia el montante de dichos honorarios, teniendo en cuenta el grado de culpa en el litigio y el trabajo necesariamente prestado por el abogado de la otra parte."

Y el 339, de acuerdo con la enmienda de 1936, dice así:

"Art. 339. El memorándum de costas debe ser presentado dentro de los diez (10) días después de notificada la sentencia, y cualquier oposición del mismo dentro de los cinco (5) días subsiguientes. Dentro de los diez (10) días después de la resolución de la corte sobre el memorándum de costas cualquiera de las partes puede apelar para ante el Tribunal Supremo y la apelación será tramitada conjuntamente con cualquier apelación que haya sido establecida contra la sentencia principal; *Disponiéndose*, que en caso en que no se haya establecido apelación de la sentencia principal, podrá siempre apelarse del memorándum de costas."

Un estudio comparativo de los dos preceptos como existían al tiempo de dictarse la sentencia y como habían sido enmendados al ser confirmada por el Tribunal Supremo, fácilmente demuestra la imposibilidad de aplicar la ley posterior a aquellos litigios anteriores a su vigencia en que

como en el presente caso se había ya dictado la sentencia con el pronunciamiento de costas. En el caso que nos ocupa no se presentó el memorándum de costas al tiempo de notificarse la sentencia, porque como ya hemos visto, el precepto legal que entonces imperaba exigía que el memorándum se presentase dentro de los diez días siguientes a aquél en que hubiera quedado firme la sentencia. Claro es que al confirmarse la sentencia en este caso, el término prescrito por la ley de 1936 para radicarlo había ya expirado con exceso. Tampoco podía incluirse en la sentencia el montante de los honorarios de abogado como exige la ley posterior, porque de acuerdo con la que regía al dictarse aquélla en 1934, los honorarios eran fijados en la resolución aprobatoria del memorándum de costas. En otras palabras, si intentásemos aplicar la ley que regía al confirmarse la sentencia el 19 de enero de 1937, privaríamos al apelado, no sólo de las costas, propiamente dichas, si que también de los honorarios de abogado concedídosle por la sentencia, y ése indudablemente no fué el propósito del legislador, porque la ley posterior por sus propios términos es físicamente inaplicable a aquellos casos como el presente en que ya existía una condena de costas de acuerdo con la ley entonces vigente. Y es más evidente el propósito legislativo, cuando se tiene en cuenta que la ley posterior preserva el derecho a las costas y honorarios de abogado, pues no se concibe que fuera la intención legislativa privar de este derecho a los litigantes que obtuvieron el pronunciamiento de costas y honorarios antes de regir la nueva ley, y conceder el mismo derecho a los que obtuvieron el pronunciamiento después de la vigencia de la Ley núm. 69 de 11 de mayo de 1936. La situación sería distinta si la nueva ley hubiese proscrito de nuestro Código el derecho a obtener costas. A nuestro juicio es evidente la intención legislativa de que la enmienda a los artículos 327 y 339 tuviese efecto prospectivo solamente.

Por estos fundamentos opinamos que los citados artículos tal y como fueron enmendados por la Ley núm. 69 de

1936 no tienen efecto retroactivo y por consiguiente no son de aplicación a litigios como éste, en que con anterioridad a la vigencia de dichos preceptos legales se había dictado el pronunciamiento de costas bajo el imperio de la ley anterior.

Resuelta esta cuestión jurisdiccional, réstamos ahora considerar el caso en sus méritos. Las partidas 1 y 2, conforme aparecen de los autos, no fueron impugnadas y la corte les impartió su aprobación. Las partidas 3 y 4 fueron impugnadas en cuanto al montante de las mismas y la corte las redujo a $5 cada una, que era precisamente la cantidad a que según la apelante debían reducirse dichas partidas, por lo que no debemos alterar la discreción de la corte en cuanto a las mismas.

Tratando del montante de los honorarios de abogado, la corte inferior, fundamentando su resolución, se expresó en los siguientes términos:

"Aparece de los autos que radicada la demanda la demandada presentó moción eliminatoria, que fué declarada sin lugar; que entonces radicó moción de especificación de particulares; que fué declarada en parte con lugar, sometiendo el demandante el pliego ordenado; y que se presentó excepción previa contra la demanda que fué declarada sin lugar, concediéndose entonces a la demandada término para contestar. A las vistas de dichas tres cuestiones, compareció el demandante por su abogado. Contestada la demanda, el demandante pidió que se tomara por deposición la declaración de Rafael Ríos Jr., residente en los Estados Unidos, celebrándose también una vista y expidiéndose la correspondiente comisión e interrogatorios. Y para la deposición del testigo Robert C. Duff, en Puerto Rico, también se siguió el procedimiento de ley de notificación a la parte contraria, y ambas estuvieron presentes en el acto de la misma. Celebrado el juicio, presentándose evidencia documental y testifical, el día 21 de diciembre, 1933, también se practicó una inspección ocular al día siguiente, a solicitud de la parte demandada, estando presentes los abogados de las partes. Luego de dictada sentencia, ambas partes pidieron reconsideración de la misma, informando oralmente y presentando alegatos. El del demandante consta de 7 páginas.

"Expuesto, en síntesis, el trabajo necesariamente realizado en esta corte por los abogados del demandante, resta decir que si bien no aparece temeridad en grado sumo en la demandada al defenderse de la acción ya que la reclamación se redujo a casi una quinta parte de la suma pedida en la demanda, y fué resuelta por apreciación de la evidencia, no se trata de un caso corriente de daños y perjuicios, sino que fué laborioso, como lo demuestran los autos y la transcripción de la evidencia que sirvió para la apelación que consta de 179 folios. La suma de $500 que representa alrededor de un 20 por ciento de la cantidad concedida por la sentencia por concepto de indemnización, parece justa y razonable como montante de los honorarios de abogado, y en dicha suma se fijan los mismos. Véase *Díaz v. P. R. Railway, Light & Power Co.*, 33 D.P.R. 25.

"Por tanto, se aprueba el memorándum por la suma de $522, y se condena a la demandada White Star Bus Line, Inc. a pagar al demandante Henry Mason, la expresada suma de $522 en concepto de costas, desembolsos y honorarios de abogado; debiendo el secretario expedir la correspondiente orden de ejecución si no se satisficiere dentro del término de ley."

Examinados los fundamentos que tuvo el juez de la corte inferior para reducir a $500 la partida de honorarios de abogado, no tenemos motivo alguno que justifique alterar la conclusión a que él llegó y opinamos que la cantidad de $500 por concepto de honorarios de abogado es una cantidad razonable.

*Procede, por consiguiente, confirmar en todas sus partes la resolución apelada.*