LUISA DE LA HABA y su esposo LUCIANO R. FUERTES, demandantes y apelados, *v.* GAY & Co., S. EN C., demandada y apelante.

Núm. 7819.—*Sometido:* Mayo 19, 1939. *Resuelto:* Mayo 25, 1939.

- *F. González Fagundo,* abogado de la apelante; *Gabriel de la Haba,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

La parte demandante que fué la victoriosa en este pleito presentó en la corte del distrito un memorándum de costas ascendente a $779, de los cuales $29 se reclamaron por gastos y costas y $750 por honorarios de abogado.

La parte perdidosa lo impugnó por haberse radicado en febrero 16, 1938, sin autoridad de ley. Sostuvo que no existía ley que autorizara la presentación de un memorándum después que un pleito fuera apelado para ante la Corte Suprema, ya que la vigente a esa fecha lo era la Núm. 69 de 1936 ((1) pág. 353) que ordena la presentación del memorándum dentro de los diez días de notificada la sentencia. Y para el caso de que se resolviera lo contrario, alegó que la partida de honorarios era excesiva.

Oyó la corte a ambas partes y en definitiva aprobó el memorándum rebajando los honorarios a $500. Y es de esa resolución que apeló la parte demandada.

■ En su alegato no insiste en la primera cuestión, reconociendo la autoridad de la decisión de esta corte en el caso de *Henry Mason* v. *White Star Bus Line, Inc.,* 53 D.P.R. 337, 343, en el que se resolvió que "los citados artículos"—327 y 339 del Código de Enjuiciamiento Civil—"tal y como fueron enmendados por la Ley Núm. 69 de 1936 no tienen efecto retroactivo y por consiguiente no son de aplicación a litigios como éste, en que con anterioridad a la vigencia de dichos preceptos legales se había dictado el pronunciamiento de costas bajo el imperio de la ley anterior. Se limita a sostener que los honorarios son excesivos. Cita el caso de *Bertrán et al.* v. *Carrasquillo et al.,* 29 D.P.R. 559.

■ La parte demandante sostiene que un examen de los autos del caso original apelado a esta Corte Suprema a la luz de los principios sentados en la propia decisión que se cita, es suficiente para declarar el recurso sin lugar. Y tiene razón a nuestro juicio.

El pleito en el cual el memorándum fué presentado versaba sobre rescisión de contrato. Fué traído en apelación ante esta corte y resuelto en febrero 2, 1938. La opinión está reportada en el volumen 52 de las Decisiones de Puerto Rico a las páginas 585 a 595. Su estudio nos lleva a estar conformes con la parte demandante cuando sostiene que envolvía cuestiones de derecho difíciles que requerían de parte de su abogado cuidadoso estudio. En tal virtud y aunque la cuantía envuelta—que sólo llega a dos mil dólares según la apelante y que asciende a tres mil quinientos según los apelados—no es mucha, no creemos que pueda afirmarse que la corte de distrito abusara de su discreción al fijar los honorarios de abogado en la suma de quinientos dólares.

Dicha suma es menor en cien dólares que la fijada en el caso de *Bertrán et al.* v. *Carrasquillo et al.,* supra, y si bien es cierto que la cuantía en ese caso—nueve mil dólares—era mayor que en éste, lo es también que éste resultó más largo, complicado y trabajoso que aquél.

*Debe declararse el recurso sin lugar y confirmarse la resolución recurrida que dictó la Corte de Distrito de Humacao en junio 24, 1938.*