EL PUEBLO DE PUERTO RICO, querellante, *v.* SOUTH P. R. SUGAR Co. (CORPORACIÓN DE NEW JERSEY), SOUTH P. R. SUGAR Co. (CORPORACIÓN DOMÉSTICA) y RUSSELL & Co., SUCESORES, demandados.

Núm. 4.—*Sometido:* Octubre 21, 1940. *Resuelto:* Junio 5, 1941.

*James R. Beverley* y *R. Castro Fernández,* abogados de South P. R. Sugar Co. of P. R.; *Hartzell, Kelley & Hartzell* y *Rafael O. Fernández,* abogados de Russell & Co., Sucesores; *Hon. Procurador General George A. Malcolm* y *Miguel Guerra-Mondragón, Rafael Rivera Zayas* y *Luis Venegas Cortés,* abogados Asociados éstos, abogados de El Pueblo de Puerto Rico.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Las demandadas Russell & Co., Sucrs., y South Porto Rico Sugar Co. of Porto Rico han interpuesto excepciones previas contra la querella enmendada. Haremos una síntesis de las distintas cuestiones suscitadas por dichas excepciones previas y conforme vayamos exponiéndolas, las resolveremos a continuación.

I. Existe indebida acumulación de partes demandadas y de causas de acción, porque el recurso de *quo warranto* debe dirigirse contra corporaciones y no contra sociedades civiles, y como Russell & Co., Sucrs., es una sociedad civil (*partnership*), no debió demandarse dentro de este procedimiento especial, y la causa de acción que pudiera existir contra ella tampoco debió acumularse dentro de dicho procedimiento.

Esta cuestión fué resuelta por este tribunal adversamente a las demandadas en los casos de *Pueblo* v. *Fajardo Sugar*

*Co. of P. R.,* 50 D.P.R. 163, 173; y *Pueblo* v. *Fajardo Sugar Co. of P. R.,* 51 D.P.R. 876, 891. Nada tenemos que agregar a lo entonces dicho.

II. Que existe defecto de partes demandadas por no haberse incluído como tales a American Colonial Bank & Trust Co. y a los accionistas de South P. R. Sugar Co. of New Jersey.

Esta cuestión no ha sido antes resuelta por este tribunal, pero como muy bien sostiene la representación del querellante, American Colonial Bank & Trust Co. "ostenta meramente un cargo representativo de las querelladas en la ejecución del plan y no debe figurar ni es necesario que figure como parte demandada." La misión de American Colonial Bank & Trust Co., según se alega en la querella, está circunscrita a recibir los beneficios que produzca Russell & Co., Sucrs., y distribuirlos entre los accionistas de South P. R. Sugar Co. of New Jersey. Siendo ello así, estando los derechos del *trustee* supeditados a los de Russell & Co., Sucrs., y no pudiendo tener aquél derechos distintos ni independientes de los de ésta, es evidente que los derechos del trustee quedan adjudicados por la sentencia que pueda dictarse contra Russell & Co., Sucrs.

Tampoco son partes necesarias los accionistas de South P. R. Sugar Co. of New Jersey, porque sus derechos a recibir los beneficios de Russell & Co., Sucrs. se derivan de su condición de accionistas, es decir, están supeditados a los derechos de la entidad corporativa, y la sentencia que contra esta última se dicte les obliga en su carácter de accionistas y afecta sus derechos como tales.

III. Que las prescripciones de las leyes números 33 y 47 de 1935 no son aplicables al presente caso porque los hechos imputados a las demandadas tuvieron lugar mucho antes de la vigencia de esas leyes, y por consiguiente, aplicarlas a tales hechos equivaldría a darles efecto retroactivo en contra de las prescripciones del Código Civil.

La constitucionalidad de las leyes de 1935 antes aludidas fué sostenida por la Corte Suprema de los Estados Unidos

en el caso de *People* v. *Rubert Hermanos,* 309 U.S. 543, 84 L. ed. 916. Como se sostuvo por dicha corte al confirmar la sentencia de este tribunal, tales leyes tienen por objeto suministrar los medios de hacer efectiva la Resolución Conjunta del Congreso, aprobada en 1900. En otras palabras, tienen carácter procesal, y sabido es que las leyes adjetivas tienen efecto retroactivo a menos que de ellas aparezca expresa o implícitamente que no fué la intención del legislador que tuvieran tal efecto. *Mason* v. *White Star Bus Line,* 53 D.P.R. 337. La intención legislativa de dar a esas leyes efecto retroactivo no está sujeta a dudas.

IV. Alegan las demandadas que la querella es ambigua, ininteligible y dudosa, porque no puede precisarse si alega una violación por esta demandada de la Resolución Conjunta de 1900 bajo la teoría de que dicha demandada es una corporación, o si alega una conspiración entre ésta y las otras demandadas, y finalmente que la querella no aduce hechos constitutivos de causa de acción contra Russell & Co., Sucrs.

De toda la querella surge perfectamente claro que Russell & Co., Sucrs., es y siempre ha sido una sociedad (*partnership*), y que el propósito de su creación no fué otro que coadyuvar con la South P. R. Sugar Co. of New Jersey y las otras demandadas en la realización del plan para evadir la prohibición de la resolución conjunta del Congreso, aprobada en el año 1900 y ratificada en la sección 39 de la vigente Carta Orgánica. Alegándose como se alega en la querella enmendada que Russell & Co., Sucrs., es agente o subsidiaria de South P. R. Sugar Co. of New Jersey, y pudiendo ser incluída como demandada en este procedimiento, como dijéramos antes, no cabe dudar que la querella enmendada aduce contra dicha demandada una buena causa de acción.

*Por las razones expuestas, procede desestimar las excepciones previas interpuestas por dichas dos demandadas y concederles un plazo de veinte días para archivar su contestación.*