María Antonia Rivera y otros, demandantes y recurridos, *v.* Estado Libre Asociado de Puerto Rico y otros, demandados y peticionarios.

*Número:* CC-95-45          *Resuelto:* 7 de marzo de 1996

*Carlos Lugo Fiol, Procurador General, Jacqueline Novas De-bien, Subprocuradora General,* y *Delmarie Vega Lugo, Pro-curadora General Auxiliar,* abogados de la parte recu-rrente; *Ana Matanzo Vicéns,* abogada de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

## I

El *derecho de apelación* tiene unas funciones claras y unas virtudes evidentes que rebasan los diferentes enfoques y criterios en cuanto a su impacto sobre el Sistema de Administración de Justicia.

La premisa cardinal que nutre el derecho apelativo es que el litigante afectado por un fallo que estime injusto tenga la oportunidad de presentar su caso ante un foro judicial de superior jerarquía. Aunque ello no garantice que el resultado final sea justo, al menos sus probabilidades aumentan. Estas premisas las recoge Constantino Logga en uno de los mandamientos de su *Decálogo del Juez*: "Nunca tus resoluciones son infalibles, porque ellas se hallan sujetas por vía de apelación a la revisión de la causa, para satisfacer una necesidad subjetiva de quien estima como una injusticia lo que decides y una necesidad pública de mayor justicia en el caso sometido a consideración". De otro lado, el derecho de apelación propende al orden, la uniformidad y la estabilidad en nuestro Sistema de Derecho.

En el fondo, la justicia apelativa explica cómo todo expediente judicial

> ... vive pleno de humanidad. Inquietudes, ansiedades, esperanzas laten sin cesar en cada una de sus hojas. Es el trámite cierto hacia una decisión. Una persona, una familia, un grupo pueden estar pendientes del desarrollo, que conduce a un resultado. Momentos tensionales dominan los ánimos de quienes esperan. Naturalmente, mucho dependerá de la importancia del problema juzgado. Pero, por mínimo que fuere, nunca se ausentarán las humanas inquietudes.
>
> La carátula, el nombre, el número catalogador, la clase de asunto, los escritos, las decisiones parciales, la sentencia final, son imanes dominantes de la conformación vivencial. N.A. Cipriano, *La humanidad del expediente judicial y otros ensayos jurídicos*, Buenos Aires, Ed. Depalma, 1976, pág. 19.

## II

Debemos determinar si el término para que el Estado apele en casos civiles del Tribunal de Primera Instancia al Tribunal de Circuito de Apelaciones[1] es de treinta (30) o

---

[1] Se originó este caso cuando María Antonia Rivera presentó en el Tribunal Superior, Sala de Carolina, una petición de sentencia declaratoria, *injunction* y da-

de sesenta (60) días. Reglas 53.1(a)([2]) y 53.1(b)([3]) de Procedimiento Civil, 32 L.P.R.A. Ap. III, respectivamente.

## III

Antes de 1958, cualquier sentencia *civil* final del antiguo Tribunal de Distrito era *apelable, como cuestión de derecho*, al Tribunal Supremo. Con la vigencia de las Reglas de Procedimiento Civil desde 31 de julio de 1958, se enmendó la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley Núm. 11 de 24 de julio de 1952 (4 L.P.R.A. secs. 1–2, 31, 33, 35, 37, 61–62, 91–92, 121–122, 151–152, 181, 201–202, 231–232, 301–304, 306, 331–334,

---

ños y perjuicios contra el Estado Libre Asociado y otros. Se dictó sentencia a su favor el 28 de noviembre de 1994, y fue archivada en autos una copia de su notificación el 18 de enero de 1995. El Estado solicitó una determinación de hechos adicionales que fue negada el 14 de febrero; un dictamen notificado el 16 de febrero. El 18 de abril, sesenta y un (61) días después (el lunes 17 de abril era feriado) apeló al Tribunal de Circuito de Apelaciones.

A solicitud de la señora Rivera se desestimó por haberse presentado después de treinta (30) días. Regla 53.1(a) de Procedimiento Civil, 32 L.P.R.A. Ap. III.

Durante su perfeccionamiento, el 6 de octubre de 1995, este recurso fue consolidado con el Caso Núm. CC-95-71, *Fed. Maestros de P.R. v. Depto. de Educación*, y el Caso Núm. CC-95-72, *Urban Piñeiro v. E.L.A.*, en los cuales el Estado planteaba la misma cuestión de derecho.

Para no demorar su solución, mediante la presente separamos ahora los recursos. La Secretaría del Tribunal notificará a todas las partes de esta Opinión y Sentencia, de modo que estén informados de este extremo procesal.

([2]) Dispone:

"(a) La *apelación* se formalizará presentando un escrito de apelación en la secretaría de la sección del tribunal que entendió en el caso, y copia del mismo en la secretaría del tribunal de apelación, dentro de los *treinta (30) días* siguientes al archivo en autos de una copia de la notificación de la sentencia." (Énfasis suplido.) 32 L.P.R.A. Ap. III (ed. 1983).

([3]) Expone:

"(b) ... El recurso de *revisión* se formalizará presentando una solicitud en la secretaría del Tribunal Supremo dentro de los treinta (30) días siguientes al archivo en autos de una copia de la notificación de la sentencia dictada por el Tribunal Superior. *En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios o una de sus instrumentalidades que no fuere una corporación pública y los municipios de Puerto Rico sean parte en un pleito, el recurso de revisión se formalizará, por cualquier parte, presentando una solicitud en la Secretaría del Tribunal Supremo dentro de los sesenta (60) días* siguientes al archivo en autos de una copia de la notificación de la sentencia dictada por el Tribunal Superior. La secretaría del Tribunal Supremo remitirá copia de dicha solicitud a la secretaría de la Sala del Tribunal Superior que dictó la sentencia objeto del recurso." (Énfasis suplido.) 1993 Leyes de Puerto Rico 515.

361–362, 381), para establecer el *recurso de revisión, de carácter discrecional*, 4 L.P.R.A. sec. 37(1)(b). Se eliminaron, pues, las apelaciones en los casos civiles, excepto cuando se planteaba una cuestión constitucional sustancial. Subsistió, no obstante, el término de treinta (30) días para presentar cualquiera de estos recursos.

■ Desde entonces transcurrieron varias décadas. Para superar múltiples factores que afectaban negativamente la numerosa litigación apelativa de la Oficina del Procurador General *ante este Foro*, en 1986[4] la Asamblea Legislativa enmendó la Regla 53.1(b) de Procedimiento Civil, *supra*, y amplió el término de treinta (30) a sesenta (60) días para que el Estado, sus funcionarios y algunas

---

[4] De la Exposición de Motivos de la Ley Núm. 143 de 18 de julio de 1986, Leyes de Puerto Rico 465–466, copiamos:

"...En aquellos casos en que el Estado Libre Asociado, sus funcionarios o instrumentalidades presentan un recurso de *apelación, revisión, certiorari o certificación* ante el Tribunal Supremo de Puerto Rico generalmente son representados por la Oficina del Procurador General. En *todos estos casos* es necesaria una coordinación efectiva de las Divisiones de Litigios Generales; Asuntos Contributivos; División de Asuntos del Contralor y de Casos de Tierra del Departamento de Justicia con la Oficina del Procurador General. Esta coordinación conlleva un trámite interno necesario que en la práctica *reduce considerablemente el plazo de tiempo* de que dispone la Oficina del Procurador General para formalizar el recurso de revisión. La mayoría de los casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios o instrumentalidades que no fueren una corporación pública interesan presentar un recurso de revisión ante el Tribunal Supremo de *sentencias adversas dictadas por el Tribunal Superior*, se refieren a la Oficina del Procurador General cuando está próximo a vencer el término de treinta (30) días que dispone la actual Regla 53.1 (b) de las de Procedimiento Civil de 1979. El problema surge porque las gestiones de trámite y coordinación que se llevan a cabo antes de referir el caso al Procurador General consumen, con gran frecuencia, más de la mitad del término jurisdiccional para formalizar el recurso de revisión.

"En consecuencia la Oficina del Procurador General dispone de un plazo que resulta extremadamente breve dentro del cual deberá estudiar los expedientes de los casos referidos, realizar las investigaciones pertinentes, reunirse con los abogados que han tramitado los casos ante el tribunal de instancia, consultar el conocimiento experto de los funcionarios de las instrumentalidades que han referido los casos, decidir si se va a revisar la sentencia, presentar las recomendaciones y preparar o redactar el escrito de revisión para su presentación ante el Tribunal Supremo.

"En consecuencia, se considera *conveniente, necesario y de gran interés público*, que se enmiende la Regla 53.1(b) de las de Procedimiento Civil de 1979, para ampliar a sesenta (60) días el término dentro del cual deberá formalizarse el recurso de *revisión* en aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios o instrumentalidades que no fuera una corporación pública sean parte." (Énfasis suplido.)

instrumentalidades pudieran acudir para *revisión*. La intención legislativa fue lograr que aquellos procedimientos judiciales apelativos que tenían que ver con el Gobierno de Puerto Rico, sus funcionarios y algunas de sus instrumentalidades —de ordinario tramitados por la Oficina del Procurador General— no se vieran afectados o perjudicados por la falta de tiempo de tales funcionarios para atenderlos de forma adecuada. *Alcalde de San Juan v. Asamblea Municipal*, 132 D.P.R. 820 (1993). Su aprobación aseguró que el Estado y sus funcionarios contasen con un plazo suficiente y adecuado para proteger los intereses del pueblo de Puerto Rico, sin menoscabo de las otras partes en el pleito, a quienes también se les hizo extensivo el beneficio de esa ampliación.(5)

■ Así las cosas, el 24 de enero de 1995 entró en vigor la Ley de la Judicatura de Puerto Rico de 1994 (en adelante la Ley de la Judicatura), Ley Núm. 1 de 28 de julio de 1994 (1993 Leyes de Puerto Rico 514–515). Uno de sus cambios fundamentales fue eliminar el recurso de *revisión discrecional* de las sentencias finales en casos civiles dictadas por el Tribunal de Primera Instancia (Tribunal Superior y Tribunal de Distrito, en abolición) al Tribunal Su-

---

(5) De igual modo, se extendió el término a los municipios mediante la Ley Núm. 108 de 7 de diciembre de 1993 (32 L.P.R.A. Ap. III). Su Exposición de Motivos dispone:

"La Ley Núm. 143 del 18 de junio de 1986, enmendó las Reglas de Procedimiento Civil para el Tribunal General de Justicia de 1979, a los fines de ampliar a sesenta (60) días el término dentro del cual deberá formalizarse el recurso de revisión en aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios o instrumentalidades que no fueran una corporación pública, fueran parte.

"El Secretario de Justicia ha reiterado que cuando el legislador ha querido incluir de la aplicación de alguna disposición legal a los municipios lo ha hecho de forma expresa.

"La Asamblea Legislativa entiende que la organización gubernamental a nivel municipal está integrada por diferentes divisiones o programas y, por tal razón, cuando una reclamación judicial culmina en sentencia adversa al municipio la preparación del recurso de revisión exige, en muchos casos, la coordinación entre dependencias municipales, lo que consume tiempo adicional a sus abogados.

"Por ello es menester enmendar la Regla 53.1(b) de Procedimiento Civil de 1979 a los efectos de aumentar a sesenta (60) días el término para formalizar el recurso de revisión en aquellos casos en que los municipios sean parte." 1993 Leyes de Puerto Rico 514–515.

premo, y restaurar, como *cuestión de derecho*, la *apelación* al Tribunal de Circuito de Apelaciones, foro creado por la susodicha Ley de la Judicatura.[6]

■ Cuando la Asamblea Legislativa sustituyó el recurso de revisión al Tribunal Supremo por la apelación ante el Tribunal de Circuito de Apelaciones, inexplicablemente guardó absoluto silencio en torno al término que regirían en las apelaciones civiles o criminales. Sin embargo, la Regla 53(a) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, aprobado por este Tribunal, conforme al mandato legislativo, estableció que "[e]n situaciones procesales no previstas por este reglamento, aplicarán supletoriamente las *Reglas de Procedimiento Civil*, las Reglas de Procedimiento Criminal y el Reglamento del Tribunal Supremo. En ausencia de disposición alguna, el Tribunal de Circuito de Apelaciones encauzará el trámite en la forma que a su juicio sirva los mejores intereses de todas las partes". (Énfasis suplido.)

■ Además, en lo pertinente, la Regla 14(a) del mismo Reglamento, 4 L.P.R.A. Ap. XXII-A, dispone que "[l]a apelación de cualquier sentencia en un caso originado en el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición, salvo aquellas apelables directamente al Tribunal Supremo, se formalizará al presentarse un escrito de apelación en la Secretaría del Tribunal de Instancia que dictó la sentencia ... conforme a las disposiciones pertinentes de las *Reglas de Procedimiento Civil* o de Procedimiento Criminal". (Énfasis suplido.)

El mutismo en la Ley de la Judicatura y en el Regla-

---

[6] Su Art. 4.002 dispone, en lo pertinente:

"El Tribunal de Circuito de Apelaciones conocerá en los siguientes asuntos:

"a) Mediante recurso de apelación de toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición[, exceptuándose aquello dispuesto en el inciso (b) del Artículo 3.002 de esta Ley]." 4 L.P.R.A. sec. 22n.

mento del Tribunal de Circuito nos obliga, vía interpretación, a armonizar dicho estatuto con las Reglas de Procedimiento Civil en aras de salvar su espíritu y lograr la más fiel intención legislativa. A fin de cuentas, toda ley desborda a su creador.

> ... [Como] ... una cantera inagotable, continuamente descubrimos en ella perfiles inéditos, razones sobre las que antes no se pararon mientes, verdades insospechadas que parecía guardar celosamente en su seno. Ella incorpora una voluntad propia para cada instante de su existencia. Sin esa constante de adecuación, toda la normativa jurídica pasaría vertiginosamente, amontonándose de modo ingente en el recinto de los vestigios históricos. Ante cada circunstancia de hecho, el Juez irá definiendo efectos jurídicos nuevos salidos todos del mismo filón normativo, aparentemente simple en su formulación. Ninguna ley alcanza la plenitud e integridad de su contenido hasta que, poniendo en relación su abstracto enunciado de generalidad, se conecta y conjuga con unos acaeceres o actos que han de ser enjuiciados a su conjuro. F. Soto-Nieto, *El razonamiento jurídico y la investigación del derecho*, 79 (Núm. 2) Rev. Jur. Cataluña 175, 194 (1980).

No se debate seriamente que la intención del Legislador al aprobar la nueva Ley de la Judicatura fuera *sustituir* el recurso de *revisión* civil por el de *apelación* como vehículo de fácil acceso a toda la ciudadanía. Tampoco que dicha ley no derogó la Regla 53.1 de Procedimiento Civil, *supra*; su vigencia no está en controversia.

Según hemos expuesto, la Regla 53.1(b) de Procedimiento Civil, *supra*, fija sesenta (60) días para el recurso de revisión. Por otro lado, de la Exposición de Motivos de la Ley Núm. 143 (1986 Leyes de Puerto Rico 465–466), surge que el Legislador lo aplicó a la revisión, ya que rutinariamente ese era el único mecanismo procesal apelativo que servía para que el Estado acudiera en el grueso de los casos civiles ante este Tribunal como único foro apelativo. Tanto en su versión original como en sus enmiendas, la Regla 53.1 de Procedimiento Civil, *supra*, fue aprobada *antes* de la creación del Tribunal de Circuito de Apelaciones.

Sería un contrasentido que la Asamblea Legislativa hu-

biese reconocido la compleja y numerosa litigación del Estado —y le concediera sesenta (60) días para acudir en revisión— y ahora, luego de establecer el derecho de apelación *a todo litigante*, se lo negara, ignorando así el aumento *natural* que ese nuevo enfoque generaría en la Oficina del Procurador General. No podemos atribuirle a la Asamblea Legislativa tal *brutum fulmen*.[7]

A la luz de lo antes expuesto, resolvemos que el término aplicable al recurso de *apelación* de sentencias finales en casos civiles dictadas por el Tribunal de Primera Instancia a presentarse ante el Tribunal de Circuito de Apelaciones, en los cuales el Estado Libre Asociado, sus funcionarios o instrumentalidades que no sean Corporaciones Públicas sean partes, es el de sesenta (60) días consagrado en la citada Regla 53.1(b) de Procedimiento Civil.

*Se dictará sentencia revocatoria.*

El Juez Asociado Señor Fuster Berlingeri emitió una opinión concurrente.

— O —

Opinión concurrente emitida por el Juez Asociado Señor Fuster Berlingeri.

Nos toca resolver, otra vez, uno de los varios problemas de ordenación creados por los defectos y las lagunas de la nueva Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22 *et seq.*). *Farmacias Moscoso, Inc. v. K-mart Corp.*, 138 D.P.R. 497 (1995).

---

[7] Cabe destacar que la Asamblea Legislativa, mediante la Ley Núm. 249 de 25 de diciembre de 1995, enmendó la Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, a los fines de disponer expresamente que el término aplicable a los recursos de apelación del Estado Libre Asociado y otros es de sesenta (60) días, lo cual armoniza perfectamente con la interpretación de esta decisión. Esta enmienda entrará en vigor el 1ro de mayo de 1996.

La cuestión precisamente ante nos en el caso de autos es si a las apelaciones civiles instadas por el Estado Libre Asociado ante el Tribunal de Circuito de Apelaciones que cuestionan un dictamen del Tribunal de Primera Instancia debe aplicarse el término especial de sesenta (60) días que regía a los autos de revisión presentados por el Estado ante el Tribunal Supremo de Puerto Rico.

El problema surge porque la nueva Ley de la Judicatura de Puerto Rico de 1994 no tiene disposición expresa alguna que fije los términos para las apelaciones civiles al Tribunal de Circuito de Apelaciones. No dispone el término usual de treinta (30) días para las apelaciones ordinarias ni el término especial de sesenta (60) días para las apelaciones en que el Estado Libre Asociado es parte. *Sencillamente, no se fijan términos.* Véase Art. 4.002(a) de la referida ley, 4 L.P.R.A. sec. 22k(a).

En vista de que existe la laguna aludida en la Ley de la Judicatura de Puerto Rico de 1994, nos toca suplirla para poder resolver el caso ante nos, conforme con lo establecido en el Art. 7 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 7. Véanse: *Collazo Cartagena v. Hernández Colón*, 103 D.P.R. 870 (1975); *Dalmau v. Hernández Saldaña*, 103 D.P.R. 487 (1975).

Para suplir la laguna legislativa en cuestión, debemos reconocer inicialmente que el propósito central de la nueva Ley de la Judicatura de Puerto Rico de 1994, en lo que aquí concierne, fue crear el Tribunal de Circuito de Apelaciones y redistribuir la función de revisión judicial entre éste y nuestro propio Foro. No hay indicios de que fuera parte de la intención legislativa *alterar* la dispensa especial que se otorgó en 1986 al Estado de un término adicional para encausar su litigación apelativa. Por el contrario, es de suponer que el legislador no deseaba privar al Estado de tal dispensa especial, ya que en la propia nueva Ley de la Judicatura de Puerto Rico de 1994, en lo relativo al recurso de *certiorari* a nuestro Foro para revisar determinados dic-

támenes del Tribunal de Circuito de Apelaciones, expresamente se dispuso que el término para dicho recurso, cuando el Estado es parte, será de sesenta (60) días. Se revela así, aunque de modo incompleto, la continuada intención del legislador de asegurarse de que el Estado no se verá adversamente afectado en su litigación apelativa por la falta de tiempo de sus funcionarios.

La certeza de que tal es la continuada intención del legislador surge, además, de las recientes enmiendas que ya se le han hecho a la referida legislación. Mediante la Ley Núm. 249 de 25 de diciembre de 1995 (32 L.P.R.A. Ap. II), se corrigen varias de las fallas de la Ley de la Judicatura de Puerto Rico de 1994 para ser efectivas el 1ro de mayo de 1996. El Art. 19(c) de esta Ley Núm. 249 dispone expresamente que el término para las apelaciones en cuestión será de sesenta (60) días. Regla 53.1 de Procedimiento Civil, *supra*.

Por las razones anteriores, concurro con el resultado anunciado en la opinión de la mayoría.