EL PUEBLO DE PUERTO RICO, demandante y recurrido *v.* JUAN A. CORTÉS RIVERA, demandado y peticionario.

*Número:* CC-96-204          *Resuelto:* 23 de enero de 1997

*José E. Padilla Torres,* abogado del peticionario; *Carlos Lugo Fiol, Procurador General,* y *Rose Mary Corchado Lorent, Procuradora General Auxiliar,* abogados de El Pueblo.

La Juez Asociada Señora Naveira de Rodón emitió la opinión del Tribunal.

## I

Debemos determinar cuál era el término para recurrir mediante apelación al Tribunal de Circuito de Apelaciones de una sentencia condenatoria dictada por el Tribunal de Primera Instancia en un caso criminal, a la luz del esquema incorporado a nuestro ordenamiento por virtud de la Ley de la Judicatura de Puerto Rico de 1994 (en lo sucesivo la Ley de la Judicatura de 1994 o la Ley), antes de la vigencia de la Ley Núm. 251 de 25 de diciembre de 1995 que enmendó, entre otras, las Reglas 194 y 216(b) de Procedimiento Criminal, 34 L.P.R.A. Ap. II.([1])

## II

El 28 de febrero de 1995 el Tribunal de Primera Instancia, Sala Superior de Carolina, dictó varias sentencias contra el aquí peticionario Juan Antonio Cortés Rivera por infracciones al Art. 105 del Código Penal, 33 L.P.R.A. sec. 4067 (actos lascivos e impúdicos). El 24 de marzo de 1995, veinticuatro (24) días después de haberse dictado las sentencias, el peticionario presentó su escrito de apelación

---

([1]) En lo aquí pertinente, la Regla 194 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, actualmente dispone como sigue:

"La apelación [de las sentencias finales dictadas en casos criminales originados en el Tribunal de Primera Instancia para ante el Tribunal de Circuito de Apelaciones] se formalizará presentando un escrito de apelación en la secretaría de la sala del Tribunal de Primera Instancia que dictó la sentencia o en la secretaría del Tribunal de Circuito de Apelaciones, *dentro de los treinta (30) días siguientes a la fecha en que la sentencia fue dictada ....*" (Énfasis suplido.)

Dado que el Art. 24 de la Ley Núm. 251 de 25 de diciembre de 1995, Leyes de Puerto Rico, Parte 2, pág. 1518, dispone que la vigencia de la misma sería a partir de 1ro de mayo de 1996 y que los acontecimientos procesales pertinentes del caso de autos ocurrieron con anterioridad a dicha fecha, no puede cuestionarse que la misma no es de aplicación al presente caso. Por lo tanto, nuestro curso decisorio se guía por el estado de derecho vigente entre el 24 de enero de 1995, fecha en que entró en vigor la Ley de la Judicatura de 1994, y el 1ro de mayo de 1996, cuando entró en vigor la Ley Núm. 251, *supra.*

ante el Tribunal de Circuito de Apelaciones. Después de varios trámites procesales, el Pueblo de Puerto Rico, por conducto del Procurador General de Puerto Rico, solicitó la desestimación del recurso por falta de jurisdicción. Adujo que el recurso había sido presentado fuera del término jurisdiccional dispuesto en la Regla 194 de Procedimiento Criminal, *supra*, antes de la enmienda incorporada mediante la Ley Núm. 251, *supra*, la cual disponía un término de veinte (20) días a partir de la fecha en que se dictase la sentencia, para presentar el escrito de apelación. Dicha Regla 194, a su vez, se refería a la Regla 193 (34 L.P.R.A. Ap. II), que entonces establecía el recurso de apelación al Tribunal Supremo de sentencias dictadas en casos criminales por el anterior Tribunal Superior.

Mediante Sentencia de 29 de marzo de 1996 el Tribunal de Circuito de Apelaciones ordenó la desestimación de la apelación. Acogió el argumento presentado por el Pueblo, respecto a la aplicación de la Regla 194 de Procedimiento Criminal, *supra*, a las apelaciones presentadas ante dicho tribunal provenientes del Tribunal de Primera Instancia. Razonó que ante el silencio de la Ley de la Judicatura de 1994 respecto al término dentro del cual debía presentarse el recurso, debían acudir a las reglas procesales vigentes. Sostuvo dicho razonamiento en lo resuelto por este Tribunal en *Rivera v. E.L.A.*, 140 D.P.R. 168 (1996). Además, se refirió a las Reglas 14(a) y 53 del Reglamento del Tribunal de Circuito de Apelaciones de 24 de enero de 1995 (4 L.P.R.A. Ap. XXII). La primera establecía que la apelación en casos criminales se formalizaría "conforme a las disposiciones pertinentes de las Reglas de ... Procedimiento Criminal". La segunda disponía, por su parte, que con relación a las situaciones procesales no previstas en el Reglamento, aplicarían las reglas procesales civiles o criminales, según fuese el caso.

Inconforme con dicha determinación recurre ante nos el peticionario, imputándole al Tribunal de Circuito de Ape-

laciones haber errado al desestimar el recurso por falta de jurisdicción. El 9 de agosto de 1996 emitimos una Resolución en la que le concedimos al recurrido un término para que mostrara causa por la cual no debíamos expedir el auto solicitado, revocar la sentencia recurrida y devolver el caso al Tribunal de Circuito de Apelaciones para que se le dé curso al trámite apelativo. Mediante un Escrito en Cumplimiento de Orden ha comparecido el Pueblo, representado por el Procurador General de Puerto Rico. Resolvemos según lo intimado.

## III

El peticionario aduce como fundamento para sostener su posición la aplicación de la Orden Administrativa del Juez Presidente Núm. XI de 20 de enero de 1995, la cual dispone las Reglas Transitorias de Procedimiento Criminal. Es su principal contención que dicha orden tuvo el efecto de enmendar la Regla 194 de Procedimiento Criminal, *supra*. El inciso séptimo de dicha orden dispone:

> 7. Todo recurso de apelación de la competencia del Tribunal de Circuito de Apelaciones de toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia, incluyendo la subsección del Tribunal de Distrito durante el proceso de abolición, deberá presentarse dentro del término de treinta (30) días contados a partir de la fecha en que la sentencia fue dictada.

El inciso citado forma parte de una serie de disposiciones adoptadas con el propósito de propiciar la cabal implantación de la Ley de la Judicatura de 1994. Ínsito en esta actuación está el reconocimiento de que la vigencia de la referida pieza legislativa, sin adecuar otras disposiciones íntimamente relacionadas, produjo una serie de vacíos que de no ser remediados darían al traste con los propósitos de la ley.

El Procurador General, por el contrario, sostiene que el referido inciso séptimo de la Orden Administrativa Núm.

XI no tuvo el efecto de enmendar la Regla 194 de Procedimiento Criminal, *supra*. Es su contención que la Constitución del Estado Libre Asociado de Puerto Rico, en su Art. V, Sec. 6, L.P.R.A., Tomo 1, le confiere al Tribunal Supremo en pleno la facultad de adoptar reglas de procedimiento criminal, entre otras. Nos señala que dicha facultad no le compete a ninguno de los miembros de este Tribunal individualmente.

Según planteada, la controversia supone que nos embarquemos en un análisis de índole constitucional sobre la facultad del Juez Presidente para disponer reglas procesales. Reiteradamente hemos dispuesto "que no entraremos a considerar la constitucionalidad o inconstitucionalidad de una ley o de una actuación a menos que ello sea imprescindible y no podamos resolver la controversia ante nos por otras razones". *Pueblo v. Ramos Santos*, 138 D.P.R. 810, 824 (1995). Véanse, además: *Caquías v. Asoc. Res. Mansiones Río Piedras*, 134 D.P.R. 181 (1993); *E.L.A. v. Aguayo*, 80 D.P.R. 552, 596 (1958). En esta ocasión nos reafirmamos en dicha norma, de incuestionable sabiduría, la cual ha ayudado a la preservación y al fortalecimiento de las principales instituciones de nuestro gobierno democrático.

La controversia principal que plantea el caso de autos se reduce a determinar cuál era el término para recurrir en apelación al Tribunal de Circuito de Apelaciones de sentencias condenatorias dictadas por el Tribunal de Primera Instancia. Un análisis del esquema judicial creado por la Ley de la Judicatura de 1994 y sus propósitos, *vis à vis* las reglas pertinentes de procedimiento criminal, nos llevan a concluir que los términos dispuestos en estas últimas para apelar sentencias dictadas por los jueces del Tribunal de Primera Instancia en casos criminales son inoperantes. La situación que presenta el caso de autos, a la luz de las posturas que se derivan de la interpretación propuesta por el Procurador General, nos convence de ello.

En el ejercicio de nuestra facultad inherente para suplir procedimientos cuando no existen o cuando hayan sido fijados inadecuadamente por algún estatuto,[2] y ante la laguna procesal creada al entrar en vigor la Ley de la Judicatura de 1994 el 24 de enero de 1995, debemos resolver la controversia principal que plantea el caso de autos.

Mediante la Ley de la Judicatura de 1994 se incorporaron unos cambios sustanciales en el esquema de nuestro sistema judicial. En lo aquí pertinente, la Legislatura adoptó "un sistema vertical que consiste en un Tribunal de Primera Instancia consolidado, de jurisdicción original con competencia unificada para atender todo tipo de casos y causas ...". Exposición de Motivos de la Ley de la Judicatura de 1994, Plan de Reorganización Núm. 1 de la Rama Judicial de 28 de julio de 1994, Leyes de Puerto Rico, Parte 3, pág. 2802. La creación del Tribunal de Circuito de Apelaciones, como tribunal intermedio, se da de forma simultánea con la eliminación de las divisiones de competencia que hasta entonces caracterizaron al tribunal de instancia, es decir, los Tribunales Superior, de Distrito y Municipal. Este cambio estuvo acompañado por una disposición en el sentido de que la abolición del Tribunal de Distrito seguirá un proceso paulatino, con una duración de ocho (8) años, a partir de la vigencia de la Ley. Art. 9.001 de la Ley de la Judicatura de 1994, según enmendada, 4 L.P.R.A. sec. 23c.[3]

---

[2] *González v. Tribunal Superior*, 75 D.P.R. 585, 619 (1953).

[3] La intención legislativa en torno al proceso paulatino de abolición del Tribunal de Distrito surge de las expresiones vertidas en el hemiciclo de la Cámara de Representantes por la presidenta de dicho cuerpo, Hon. Zaida Hernández Torres, durante la discusión del proyecto de ley. En torno a lo anterior, se expresó de la forma siguiente:

"Hay un período de transición de ocho años de esta reforma y es importante que se sepa que ese, el fundamento básico de esa transición es respetar los cargos y los nombramientos que hay que respetar, que están actualmente en vigencia tanto como jueces municipales, como jueces superiores pero particularmente el juez de distrito, porque yo he escuchado mucho señor Presidente, decir que estamos eliminando los jueces de distrito; lo que se elimina es el Tribunal de Distrito porque se consolida en el Tribunal de Primera Instancia en un período de transición de ocho años y eso va a ir llegando a convertirse en Tribunal de Primera Instancia y esos cargos de hoy

■ Aun cuando la Ley de la Judicatura de 1994 dispuso que la abolición del Tribunal de Distrito sería paulatina, los efectos de la consolidación de las secciones del Tribunal de Primera Instancia no se hicieron esperar. Así, por ejemplo, y en lo aquí pertinente, se dispuso en cuanto a la competencia de los jueces del Tribunal de Primera Instancia que el Juez de Distrito conocería concurrentemente con el Juez Superior; entre otros casos, de toda causa por delito menos grave. Art. 9.103 de la Ley de la Judicatura de 1994 (4 L.P.R.A. sec. 23). Además, la ley eliminó todo recurso de apelación ante los Jueces Superiores de sentencias dictadas por los Jueces de Distrito. Al respecto dispuso que sería el Tribunal de Circuito de Apelaciones el cual atendería, mediante apelación, "toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición". Art. 4.002(a) de la Ley de la Judicatura de 1994 (4 L.P.R.A. sec. 22k(a)).

■ Surge del esquema reseñado que mediante la aprobación de la Ley de la Judicatura de 1994 se quizo uniformar los procedimientos ante el Tribunal de Primera Instancia y los mecanismos de revisión de las decisiones del Tribunal de Primera Instancia por el Tribunal de Circuito de Apelaciones. El esquema promueve directamente este interés, que a su vez se relaciona con los propósitos expresamente enumerados por el Legislador en la Exposición de Motivos de la Ley de la Judicatura de 1994.([4]) Entre estos propósitos cabe destacar el interés de hacer viable

---

jueces de distritos convirtiéndose en juez superior una vez termine el término o finalice perdón, el término para el que fueron nombrados como jueces de distritos *porque esto tiene que ser una reforma cuya implantación sea sistemática y cuidadosa no solo de respetar los cargos y puestos, sino de permitirle al propio sistema ir acoplándose a los cambios de competencia y a las exigencias que la propia reforma formula.*" (Énfasis suplido.)

Diario de Sesiones, Cámara de Representantes de Puerto Rico, 3ra Sesión Ordinaria de la Duodécima Asamblea Legislativa, 24 de junio de 1994.

([4]) En cuanto a los propósitos que persigue la Ley de la Judicatura de Puerto Rico de 1994 (en lo sucesivo Ley de la Judicatura de 1994), su Exposición de Motivos enumera los siguientes:

la eficiencia en el funcionamiento de los tribunales y permitir el igual y fácil acceso de los ciudadanos a los servicios de gobierno prestados por la Rama Judicial. El principio de uniformidad que se colige de la estructura y las competencias creadas por la Ley de la Judicatura de 1994 adelanta directamente los propósitos reseñados.

En cuanto al interés de promover la igualdad en el Sistema de Justicia, encontramos expresiones en el historial de la Ley de la Judicatura de 1994 que nos permiten delimitar el alcance de este concepto. Durante el debate en torno a la medida en la Cámara de Representantes, la Presidenta de dicho cuerpo consignó lo siguiente:

> La consolidación es un paso de avanzada para un sistema judicial que quiere garantizarle a todos los ciudadanos acceso al sistema en el menor tiempo posible, con los menores costos. *Una justicia [en la] que sea atendido el caso del pobre por el mismo juez, con la misma experiencia y la misma categoría que atendían el caso de más alta cuantía. De manera que la solución de ese caso y su eventual apelación tengan la garantía de un trato igual. Eso es importante en este Plan de Reforma Judicial.* (Énfasis suplido.) Diario de Sesiones, Cámara de Representantes de Puerto Rico, Tercera Sesión Ordinaria de la Duodécima Asamblea Legislativa, 24 de junio de 1994.([5])

---

"1. *Garantizar igual justicia* para todos los ciudadanos, ofreciéndoles jueces de una misma categoría, de iguales requisitos de experiencia y cualificaciones para atender sus asuntos.

"2. *Otorgar igual y fácil acceso de los ciudadanos a los servicios de gobierno prestados por la Rama Judicial.*

"3. *Conceder el derecho de apelación a los ciudadanos en casos civiles y criminales,* extendiéndose a todo puertorriqueño afectado adversamente por una decisión de un tribunal el derecho a que un panel apelativo de un mínimo de tres jueces revise esa decisión que había sido tomada por un solo juez.

"4. Facilitar la efectiva utilización de los recursos humanos y presupuestarios por la Rama Judicial.

"5. *Permitir eficiencia en el funcionamiento y operación de los tribunales,* acelerar el trámite de los casos pendientes, disminuir los casos acumulados y la cantidad de tiempo para disponer finalmente de éstos." (Énfasis suplido.) 1994 (Parte 3) Leyes de Puerto Rico 2802.

([5]) Aunque en su alocución la Hon. Zaida Hernández Torres aludió exclusivamente a conceptos propios de los casos civiles, a la luz del esquema reseñado respecto a la justicia criminal no cabe duda que en estos casos el concepto merece el mismo reconocimiento.

Igualmente, en el Informe Final sobre la medida se consignó lo siguiente:

[S]e propone la simplificación de la estructura del sistema judicial y la consecución del principio de igual y fácil acceso para toda la ciudadanía, así como el principio de justicia igual para todo el pueblo a través de todos los niveles de sistema. Informe Final, Plan de Reorganización Núm. 1 de 1994 de la Rama Judicial.

El Informe Final también atiende directamente y resalta la relación entre la consolidación del Tribunal de Primera Instancia y el interés de promover la uniformidad en sus trámites, la cual ya hemos señalado que surge además del esquema de competencias y el derecho de apelación incorporados por la Ley de la Judicatura de 1994. Al respecto, consignó dicho informe que "[e]stablecer un sistema de un solo tribunal de primera instancia conforma la importancia de una administración de la justicia basada en la noción general de justicia procesal y sustantiva uniforme".[6]

Al comparar las características del sistema estructurado por la Ley de la Judicatura de 1994 y sus propósitos[7] con los términos impuestos por las Reglas de Procedimiento Criminal, antes de las enmiendas que efectuó la Ley Núm. 251, *supra*, para apelar de las sentencias finales dictadas en casos criminales, vemos que ambos son irreconciliables. Las Reglas 194 y 216(b) de Procedimiento Criminal, *supra*, antes de las enmiendas de la citada Ley Núm. 251, establecían los términos para recurrir en alzada de las sentencias condenatorias dictadas por el Tribunal Superior y por el Tribunal de Distrito, respectivamente. La

---

[6] El interés de promover uniformidad en los trámites ante nuestros tribunales ya había sido promovido en el pasado por nuestra jurisprudencia. Se recoge diáfanamente en nuestras decisiones en *Zalduondo v. Iturregui*, 83 D.P.R. 1, 21 (1961), y *Sierra v. Pedro A. Pizá, Inc.*, 82 D.P.R. 303, 306 (1961). Véase, además, lo resuelto en *Rodríguez Negrón v. Morales García*, 105 D.P.R. 877 (1977), y en *Andino v. Fajardo Sugar Co.*, 82 D.P.R. 85 (1961).

[7] Particularmente nos referimos a la simplificación y uniformidad del sistema, que promueven la igualdad en el acceso.

citada Regla 194, que disponía el procedimiento para formalizar la apelación al Tribunal Supremo de sentencias condenatorias dictadas por el Tribunal Superior, establecía el término de veinte (20) días para presentar el escrito a partir de la fecha en que se dictó la sentencia. La Regla 216(b), *supra,* por su parte, disponía el procedimiento para formalizar la apelación al Tribunal Superior de sentencias condenatorias dictadas por el Tribunal de Distrito, y establecía el término de diez (10) días —también a partir de la fecha en que se dictara la sentencia— para presentar el recurso. El Procurador General de Puerto Rico nos invita a que apliquemos estos términos, arguyendo que los mismos estaban vigentes a la fecha en que el aquí peticionario presentó su escrito de apelación ante el Tribunal de Circuito de Apelaciones, habiendo la Ley de la Judicatura de 1994 enmendado sólo el tribunal de procedencia de la sentencia a ser revisada y el tribunal revisor. No podemos coincidir con la apreciación del Procurador General.

Las situaciones que se crearían a base de la posición esgrimida por el Procurador General confligen con el esquema incorporado por la Ley de la Judicatura de 1994 y dan al traste con sus propósitos de uniformidad e igualdad en el acceso al sistema. Así, por ejemplo, una sentencia condenatoria dictada en un caso criminal por un Juez Superior sería apelable al Tribunal de Circuito de Apelaciones, y el término para presentar el recurso sería de veinte (20) días. Mientras tanto, una sentencia condenatoria dictada en un caso criminal por un Juez de Distrito también sería apelable al Tribunal de Circuito de Apelaciones, pero el término en estos casos sería de diez (10) días. Peor aún, si el mismo caso resuelto por un Juez de Distrito hubiera sido, en su lugar, presentado y resuelto por un Juez Superior, como lo permite la ley, el término entonces para apelar al Tribunal de Circuito de Apelaciones sería de veinte (20) días a partir de la fecha en que se hubiese dictado la sentencia condenatoria.

■ En resumen, los reseñados términos contenidos en las citadas Reglas de Procedimiento Criminal son patentemente conflictivos y contrarios al esquema y a los propósitos de la Ley de la Judicatura de 1994. Debemos concluir, por lo tanto, que al aprobarse esta última quedaron implícitamente derogadas las Reglas 194 y 216(b) de Procedimiento Criminal, *supra*, con relación a los términos que disponían para recurrir en apelación de sentencias condenatorias dictadas por los Jueces Superiores y los Jueces de Distrito, respectivamente. Así dispone expresamente la Ley de la Judicatura de 1994 en su Art. 10.002 (4 L.P.R.A. sec. 23m), en cuanto preceptúa que "una vez aprobada la Ley ... toda ley o parte de ley que sea contraria a lo dispuesto en ésta queda derogada".

■ Estamos ante una derogación tácita de los términos para apelar contenidos en las citadas Reglas 194 y 216(b) de Procedimiento Criminal, antes de ser enmendadas por la Ley Núm. 251, *supra*.[8] Reconocemos la sabiduría ínsita en la norma interpretativa que rechaza, de ordinario, la derogación tácita de las leyes. Véanse los casos citados en R.E. Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes en Puerto Rico*, 2da ed., San Juan, Pubs. J.T.S., 1987, Vol. 2, Cap. 66, pág. 421. Sin embargo, la situación reseñada demuestra la naturaleza irreconciliable de la relación entre las citadas Reglas de Procedimiento Criminal y la Ley de la Judicatura de 1994. Por lo tanto, en este caso debe prevalecer la derogación tácita del estado de derecho anterior. Después de todo, la determinación de si una ley deroga tácitamente otra anterior se guía por la voluntad del Legislador al aprobar la ley posterior; y del análisis que hemos efectuado surge que la voluntad del Legislador al aprobar la Ley de la Judicatura de 1994 fue simplificar y uniformar el sistema, de forma que

---

[8] *Pueblo v. Arecco*, 67 D.P.R. 322, 325 (1947).

se asegurara la igualdad a su acceso.(⁹) Al adjudicar este tipo de controversia debemos interpretar las leyes que entran en juego de forma integral, armonizándolas y sopesando sus disposiciones para lograr el resultado más lógico y razonable posible. *Col. Ing. Agrim. P.R. v. A.A.A.*, 131 D.P.R. 735 (1992).(¹⁰)

◼ Lo resuelto, sin embargo, no dispone totalmente de la presente controversia, puesto que debemos determinar cuál era entonces el término aplicable a apelaciones de sentencias condenatorias provenientes del Tribunal del Primera Instancia y presentadas ante el Tribunal de Circuito de Apelaciones. Art. 7 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 7; *Collazo Cartagena v. Hernández Colón*, 103 D.P.R. 870 (1975); *Dalmau v. Hernández Saldaña*, 103 D.P.R. 487 (1975). Con el propósito de promover los intereses que hasta el momento hemos reseñado, particularmente la uniformidad, y reconociendo la familiaridad que representa el término de treinta (30) días para solicitar a un foro superior que revise las determinaciones de otro inferior, resolvemos que ese era el término aplicable para

---

(⁹) La decisión a la que hoy llegamos en nada incide sobre la facultad del Legislador para disponer distintos términos para recurrir en alzada de determinadas decisiones. Así lo hizo al aprobar la Ley de la Judicatura de 1994, según enmendada, cuando dispuso expresamente, por ejemplo, que de las resoluciones dictadas por el Tribunal de Primera Instancia en virtud del procedimiento especial dispuesto en el Art. 18.006 de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991 (21 L.P.R.A. sec. 4856), se podrá recurrir al Tribunal de Circuito de Apelaciones, mediante *certiorari*, en diez (10) días a partir del archivo en autos de una copia de la notificación de la resolución. Art. 4.002(b) de la Ley de la Judicatura de 1994 (4 L.P.R.A. sec. 22k(b)). En estos casos existen otros intereses que entran en juego, que al ser balanceados con el interés de uniformar el sistema, hacen que se desplace este último.

(¹⁰) Nuestra decisión hoy es el producto de la aplicación de la misma norma interpretativa que seguimos recientemente en *Rivera v. E.L.A.*, 140 D.P.R. 168 (1996). Allí determinamos que el término para que el Estado apelara unos casos civiles del Tribunal de Primera Instancia al Tribunal de Circuito de Apelaciones continuaba siendo el de sesenta (60) días, que hasta la fecha había estado vigente, ya que surgía de un análisis de la Ley de la Judicatura de 1994 y su historial que no fue la intención del Legislador derogar ese estado de derecho. En el presente caso hemos recurrido igualmente a un análisis de la ley y su historial. Ahora surge, por el contrario, que los términos dispuestos en las Reglas de Procedimiento Criminal no son afines con la intención legislativa, por lo que tienen que ceder.

recurrir mediante apelación al Tribunal de Circuito de Apelaciones de toda sentencia condenatoria, dictada por un Juez del Tribunal de Primera Instancia en casos criminales, a partir de la fecha en que se dicta la sentencia.[11]

Dado que en el caso de autos el aquí peticionario presentó su escrito de apelación ante el Tribunal de Circuito de Apelaciones sólo veinticuatro (24) días después de haberse dictado las sentencias apeladas, *expedimos el auto solicitado, revocamos la resolución desestimatoria emitida por el Tribunal de Circuito de Apelaciones aduciendo falta de jurisdicción y devolvemos allí el presente caso para que continúen con los trámites relacionados al recurso de apelación presentado por el aquí peticionario. Se dictará sentencia de conformidad.*

El Juez Asociado Señor Negrón García emitió una opinión de conformidad. Los Jueces Asociados Señores Rebollo López y Corrada Del Río concurrieron sin opinión escrita.

— O —

Opinión de conformidad del Juez Asociado Señor Negrón García.

A la luz del nuevo esquema procesal, es correcta la interpretación del Tribunal al efecto de que la Ley de la Judicatura de Puerto Rico de 1994[1] derogó implícitamente lo dispuesto en las Reglas 194 y 216(b) de Procedimiento

---

[11] La Orden Administrativa del Juez Presidente Núm. XI recogió el interés que informa la presente opinión al disponer, como ahora hacemos, que el término para recurrir en apelación al Tribunal de Circuito de Apelaciones en casos como el de autos sería de treinta (30) días. Su propósito, entre otros, era "uniformar los términos para la presentación de un recurso de apelación de sentencias finales dictadas por el Tribunal de Primera Instancia". Al aprobarse la referida orden se quizo, además, darle certeza y seguridad al trámite apelativo en casos criminales, intereses apremiantes que, por lo acelerado de los trámites previos a la entrada en vigor de la Ley de la Judicatura de 1994, no podían ser atendidos mediante el proceso constitucional ordinario.

[1] Plan de Reorganización de la Rama Judicial Núm. 1 de 28 de julio de 1994 (4 L.P.R.A. sec. 22 y ss.).

Criminal, 34 L.P.R.A. Ap. II, en lo referente a los términos para apelar al Tribunal de Circuito de Apelaciones de sentencias condenatorias dictadas por los Tribunales de Primera Instancia (Salas Superior y de Distrito).

En *Rivera v. E.L.A.*, 140 D.P.R. 168 (1996), nos enfrentamos a la interrogante de cuál era el término para que el Estado apele los casos civiles del Tribunal de Primera Instancia ante el Tribunal de Circuito de Apelaciones. En aquel momento, el silencio de la Ley de la Judicatura de Puerto Rico de 1994 sobre los términos para formalizar las apelaciones civiles o criminales ante el mencionado tribunal apelativo nos obligó, mediante vía de interpretación, a armonizar dicho estatuto con las Reglas de Procedimiento Civil vigentes al momento. Recurrimos a un análisis de la Ley de la Judicatura y su historial en busca de la intención del Legislador. Allí concluimos que dicha ley no tuvo el propósito de derogar la Regla 53.1(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, que fijaba en sesenta (60) días el término para que el Estado *revise* una sentencia, por lo que dicho término aplicaba al recurso de apelación, *ya que éste sustituyó* al anterior recurso de revisión civil.

Utilizando un análisis idéntico, es obvio que la intención del Legislador fue derogar los términos estatuidos en las Reglas 194 y 216(b) de Procedimiento Criminal, *supra.*

La citada Regla 194 de Procedimiento Criminal[2] disponía veinte (20) días para apelar una sentencia condenatoria del Tribunal Superior a este Tribunal. Por su parte, la mencionada Regla 216(b)[3] establecía diez (10) días para presentar la apelación al Tribunal Superior de una sentencia condenatoria dictada por el Tribunal de Distrito. El 24 de enero de 1995 entró en vigor la Ley de la Judicatura de Puerto Rico de 1994.

Esta ley creó un Tribunal de Primera Instancia de jurisdicción original con competencia unificada sobre todo tipo

[2] 34 L.P.R.A. Ap. II.
[3] 34 L.P.R.A. Ap. II.

de causas. Simultáneamente, estableció el Tribunal de Circuito de Apelaciones como tribunal intermedio. Éste es responsable de atender, mediante recurso de apelación, toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición. Art. 4.002(a) de la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22(a)). Sin embargo, se mantuvo silente sobre los términos para formalizar la apelación al tribunal apelativo. De igual forma, el Reglamento del Tribunal de Circuito de Apelaciones y el Reglamento del Tribunal Supremo nada disponían.

La sentencia condenatoria dictada por el Tribunal de Primera Instancia en el caso de autos recayó el 28 de febrero de 1995. El peticionario, Juan A. Cortés Rivera, formalizó su apelación al Tribunal de Circuito de Apelaciones el 24 de marzo. El Procurador General solicitó la desestimación del recurso por falta de jurisdicción. Alegó que el recurso se presentó tardíamente, pues debido a la laguna procesal existente en cuanto al término para apelar, eran de aplicación, de manera supletoria, las Reglas 194 y 216(b) de Procedimiento Civil, *supra*. El Tribunal de Circuito de Apelaciones acogió dicho planteamiento, fundamentándose en lo resuelto en *Rivera v. E.L.A.*, supra, y en las Regla 14(a) y 53 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII.

Como correctamente reconoce la opinión de este Tribunal, la Ley de la Judicatura de Puerto Rico de 1994 tuvo el propósito de *uniformar* los procedimientos en el Tribunal de Primera Instancia y los mecanismos procesales apelativos de sus sentencias. De la Exposición de Motivos de esta ley se desprende el claro propósito del Legislador de agilizar los procedimientos judiciales, garantizar igual y fácil acceso a los ciudadanos a los servicios ofrecidos por la Rama Judicial y establecer el derecho de apelación a todo litigante. Exposición de Motivos de la Ley de la Judicatura de Puerto Rico de 1994.

La aplicación de los términos estatuidos en las Reglas 194 y 216(b) de Procedimiento Criminal, *supra*, convertiría el procedimiento apelativo en heterogéneo, en donde existirían dos (2) términos diferentes para presentar la apelación, dependiendo únicamente de cuál tribunal —el Superior (20 días) o el de Distrito (10 días)— dicta la sentencia condenatoria. *Ello atentaría contra la uniformidad e igualdad que el Legislador quiso establecer con la Ley de la Judicatura de Puerto Rico de 1994.*

Analizada la Ley de la Judicatura de Puerto Rico de 1994 y su historial, coincidimos en que la Asamblea Legislativa tuvo la intención de derogar las Reglas 194 y 216(b) de Procedimiento Criminal, *supra*, a tenor con lo dispuesto en el Art. 10.002 de la ley, al ordenar que *"una vez aprobada la Ley ... toda ley o parte de ley que sea contraria a lo dispuesto en ésta queda derogada".* (Énfasis suplido.) 4 L.P.R.A. sec. 23m.