La Jueza Asociada Señora Pabón Charneco
emitió la opinión del Tribunal.
Los peticionarios, Alexis Morales Cales y Yolanda Torres González nos solicitan la revisión de una sentencia del Tribunal de Apelaciones que desestimó el recurso de apelación incoado ante ese foro por entender que carecía de jurisdicción. Concluyó el foro a quo que los peticionarios presentaron el recurso de forma tardía. Nos corresponde determinar si en un pleito contra varios funcionarios del Estado, representados legalmente por el Procurador General, es necesario que el Estado figure como parte para que aplique el término de sesenta días para presentar la ape-lación de una sentencia del Tribunal de Primera Instancia ante el Tribunal de Apelaciones. A priori, contestamos en la negativa. Previo a iniciar nuestro análisis, expondremos los hechos que dieron génesis a la controversia de autos.
I
El 14 de febrero de 2007, los peticionarios instaron una demanda sobre violación de derechos civiles contra los re-curridos Rafael Marengo, Reinaldo Torres Cruz, Antonio González Alicea y Ángel Arce.(1) En síntesis, alegaron que, entre el 12 de febrero y el 16 de mayo de 2001, los recurri-dos Antonio González Alicea y Ángel Arce, ejerciendo como maestros de la escuela superior Gabriela Mistral de Lares, *856 y Rafael Marengo y Reinaldo Torres Cruz, actuando como oficiales de la Policía de Puerto Rico, actuaron en contuber-nio para difamar y provocar el arresto y detención ilegal del peticionario Alexis Morales Cales. Los peticionarios adujeron que las actuaciones de los recurridos estuvieron motivadas por las expresiones públicas que realizó el señor Morales Cales contra estos, con relación a un incendio ocu-rrido en esa escuela el 18 de enero de 2001.(2)
Así las cosas, el 6 de septiembre de 2007, el Departa-mento de Justicia asumió la representación legal de los recurridos según lo dispuesto en el Art. 12 de la Ley Núm. 104 de 29 de junio de 1955, según enmendada, conocida como Ley de Reclamaciones y Demandas contra el Estado, 32 L.P.R.A. sec. 3085.(3)
Luego de varios trámites procesales, el Tribunal de Pri-mera Instancia dictó sentencia el 28 de diciembre de 2009, notificada ese mismo día, en la que desestimó la demanda incoada al concluir que estaba prescrita y que hacían falta partes indispensables.
Inconforme, los peticionarios presentaron una apelación ante el Tribunal de Apelaciones el 26 de febrero de 2010. Luego de ciertos trámites procesales, el 10 de marzo de 2010, el ilustrado foro apelativo intermedio dictó sentencia donde, inter alia, determinó que la apelación fue presen-tada de forma tardía, por lo que no tenía jurisdicción para atender el recurso. El tribunal a quo hizo el razonamiento siguiente:
*857 En el caso de autos la Demanda no incluyó alegación alguna en contra del Estado Libre Asociado de Puerto Rico, a través del Departamento de Educación o la Policía, por lo que no fueron emplazados. Todas las alegaciones y los remedios soli-citados, se refieren a actuaciones culposas de los co apelados actuando como maestros y policías. Es decir, el Estado nunca fue parte de la reclamación. Si bien es cierto que bajo la Ley Núm. 9 de 26 de noviembre de 1975, el Departamento de Jus-ticia asumió la representación legal de los co apelados, ello no implica que el Estado fuese parte del litigio. Ortiz, et. als. v. E.L.A., et. als., 158 D.P.R. 62, 72 (2002). Incluso, los propios apelantes han reiterado durante todo el proceso que su inten-ción nunca ha sido traer al Estado como parte al pleito. Nótese que la propia sentencia recurrida tiene como uno de sus fun-damentos que el Estado resultaba parte indispensable que no fue traída al pleito por lo que procedía la desestimación del mismo. Habida cuenta de ello, el término correspondiente para presentar su recurso de apelación era de treinta (30) días y no de sesenta (60) como si el Estado fuese parte. Cierta-mente, el tribunal recurrido dictó su Sentencia el 28 de diciem-bre de 2009, notificándosela a las partes en igual fecha. Siendo ello así, el término para solicitar la revisión del dictamen dis-ponible para los apelantes expiró treinta (30) días después de la notificación, es decir, el 27 de enero de 2010. Presentado el recurso el 26 de febrero de 2010, éste se presentó, pasados treinta (30) días del término dispuesto por nuestro ordena-miento jurídico.
Del expediente ante nuestra consideración no surge que la sentencia objeto del recurso fuera ilegal, se dictó sin jurisdic-ción o en contravención al derecho vigente, por lo tanto, esta-mos ante una sentencia final y firme. Transcurridos los térmi-nos de la Regla 53.1 y la Regla 13(A), expiraron los plazos para que los apelantes presentaran su apelación de la sentencia, que se presume dictada dentro de las facultades y poderes del tribunal sentenciador, pues al advenir final y firme, hemos perdido jurisdicción para revisarla. (Énfasis en el original.) Apéndice del Certiorari, págs. 298-299.
Insatisfechos, los peticionarios recurren ante nos plan-teando como error:
ERRÓ EL TRIBUNAL DE APELACIONES AL DESESTIMAR LA APELACI[Ó]N PRESENTADA Y CONCLUIR QUE NO TEN[Í]A JURISDICCION POR ENTENDER QUE LA APELACION FUE RADICADA TARD[Í]AMENTE. Certio-rari, pág. 4.
*858 Examinado el recurso, concedimos a los recurridos un término para mostrar causa por la cual no debíamos expedirlo. Contando con el beneficio de la comparecencia de ambas partes procedemos a resolver conforme lo intimado.
1 — I HH
A. La controversia ante nuestra consideración re-quiere que analicemos las disposiciones estatutarias que establecen los términos para presentar un recurso de ape-lación ante el Tribunal de Apelaciones.
Al hacer tal análisis, es imperativo tener presente las normas de interpretación de las leyes. Tales reglas requieren que los tribunales consideren los propósitos perseguidos por la Asamblea Legislativa al aprobar el estatuto, de forma que éste se ajuste a la política pública que lo inspira. Soc. Asist. Leg. v. Ciencias Forenses, 179 D.P.R. 849 (2010). Véanse, además: Claro TV y Junta Regl. Tel. v. OneLink, 179 D.P.R. 177 (2010); Irizarry v. J & J Cons. Prods. Co., Inc., 150 D.P.R. 155, 163 (2000), citando a Dorante v. Wrangler of P.R., 145 D.P.R. 408, 417 (1998).
Se ha indicado que cuando el lenguaje de una ley es claro e inequívoco, el texto del estatuto es la expresión por excelencia de la intención legislativa. Ortiz v. Municipio San Juan, 167 D.P.R. 609, 617 (2006); B.B.C. Realty v. Secretario Hacienda, 166 D.P.R. 498, 507-508 (2005); Irizarry v. J & J Cons. Prods. Co., Inc., supra, pág. 164. Es por tal razón que, en primer lugar, se debe acudir al texto de la ley, ya que si el lenguaje es claro y libre de toda ambigüedad, su letra “no debe ser menospreciada bajo el pretexto de cumplir con su espíritu”. Art. 14 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 14. Por lo tanto, ante un lenguaje claro y libre de ambigüedad, no se debe buscar más allá del texto de la ley para encontrar la verdadera *859 voluntad del legislador, sino que se debe descubrir y dar efecto a la intención expresada en la letra del estatuto. Romero Barceló v. E.L.A., 169 D.P.R. 460, 477 (2006).
Claro está, si surge alguna ambigüedad con el texto del estatuto, el tribunal debe asegurar el cumplimiento con los propósitos legislativos. S.L.G. Rivera-Carrasquillo v. A.A.A., 177 D.P.R. 333 (2009). En este contexto, la fuente que se ha de consultar para descifrar la verdadera inten-ción del legislador es el historial legislativo del estatuto en cuestión, incluyendo la exposición de motivos de la ley, los informes rendidos por las comisiones de las Cámaras y los debates celebrados en el hemiciclo. Ortiz v. Municipio San Juan, supra, pág. 617; Vicenti v. Saldaña, 157 D.P.R. 37, 48 (2002); Caballero v. Sistemas de Retiro, 129 D.P.R. 146, 159 (1991). Incursionar en el historial legislativo del esta-tuto en controversia permite afrontar, con una perspectiva amplia, el sentido de su texto y la intención legislativa que lo inspiró. Id.
Como parte del ejercicio de hermenéutica también debemos tener presente que las leyes no deben ser interpretadas tomando aisladamente algunas de sus secciones, párrafos u oraciones, sino que deben serlo tomando en consideración todo su contexto. Soc. Asist. Leg. v. Ciencias Forenses, supra; SLG Semidey Vázquez v. ASIFAL, 177 D.P.R. 657 (2009); Descartes, Tes. v. Tribl. Contrib. y Sucn. Cautiño, 71 D.P.R. 248, 253 (1950). De igual modo, se deben analizar las leyes o disposiciones in pari materia o complementarias que puedan ayudar a esclarecer cuál ha sido la verdadera intención legislativa. Art. 18 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 18; Zambrana Maldonado v. E.L.A., 129 D.P.R. 740, 750 (1992).
B. La derogada Regla 53.1 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III) establecía los términos para incoar un recurso de apelación ante el Tribunal de Apelaciones en el que se solicitara la revisión de una sen- *860 tencia dictada por el Tribunal de Primera Instancia en un caso civil.(4)
En lo concerniente a la controversia de autos, esa regla disponía lo siguiente:
... El recurso de apelación deberá ser presentado ... dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sen-tencia dictada por el tribunal apelado. En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios o una de sus instrumentalidades que no fuere una corporación pública, o los municipios de Puerto Rico sean parte en un pleito, el recurso de apelación se formalizará, por cualquier parte en el pleito perjudicada por la sentencia, presentando un escrito de apelación ... dentro del término jurisdiccional de sesenta (60) días contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado. 32 L.P.R.A. Ap. III, R. 53.1(c) (ed. 2001).
Al igual que la Regla 53.1 de Procedimiento Civil de 1979, supra, la Regla 13(A) del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, regula el término *861 que las partes tienen para presentar el recurso de apela-ción ante ese foro. Sobre el particular, esta regla dispone que
... [l]as apelaciones contra sentencias dictadas en casos ci-viles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia.
En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios(as) o una de sus instrumentalidades que no fuere una corporación pública, o en que los municipios de Puerto Rico o sus funcionarios sean parte en un pleito, el recurso de apelación se formalizará, por cualquier parte en el pleito que haya sido perjudicada por la sentencia, presentando un escrito de apelación dentro del término jurisdiccional de sesenta (60) días, contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado.
Al analizar los preceptos legales discutidos, podemos ver que existen dos (2) términos distintos para presentar un recurso de apelación ante el Tribunal de Apelaciones que son de carácter jurisdiccional. Ello implica que si el recurso de apelación se presenta fuera de los plazos provis-tos para ello, el foro apelativo intermedio estará impedido de considerarlo. Ghigliotti v. A.S.A., 149 D.P.R. 902, 906 (1999). “En otras palabras, pasados los días para presentar un escrito de apelación, la sentencia del tribunal de instan-cia se convierte en final y firme, y la parte pierde su opor-tunidad para apelar.” Johnson & Johnson v. Mun. de San Juan, 172 D.P.R. 840, 849 (2007).
Conforme a las disposiciones citadas, como norma general, el término para presentar el recurso de apelación ante el Tribunal de Apelaciones es de treinta (30) días a partir del archivo en autos de la copia de la notificación de la sentencia emitida por el Tribunal de Primera Instancia. No obstante, ese término se extiende a sesenta (60) días en el caso de que el Estado Libre Asociado, sus funcionarios o *862 sus agencias que no sean una corporación pública, o los municipios de Puerto Rico sean parte en el pleito.
Sobre este último plazo, es de notar que tanto la Regla 53.1 de Procedimiento Civil de 1979, supra, como la Regla 13(A) del Reglamento del Tribunal de Apelaciones, supra, utilizan la conjunción “o” al hacer la enumeración de las personas y entidades que deben estar incluidas en el litigio para que aplique el término de sesenta (60) días para in-coar el recurso de apelación ante el foro apelativo intermedio.
La conjunción “o” es una conjunción disyuntiva que “denota diferencia, separación o alternativa entre dos o más personas, cosas o ideas”. Real Academia Española, Diccionario de la Lengua Española, 22da ed., Madrid, Ed. Espasa Calpe, 2001, T. II, pág. 1601. Esta conjunción se distingue de la conjunción “y” en que esta última se utiliza “para unir palabras o cláusulas en concepto afirmativo”(5) mientras que la conjunción “o” tiene el efecto de desvincular las palabras entre las que es usada. Véanse: Torres, Torres v. Torres et al., 179 D.P.R. 481 (2010); Alejandro Rivera v. E.L.A., 140 D.P.R. 538, 544 (1996); R.E. Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes de Puerto Rico, 2da ed. rev., San Juan, Pubs. J.T.S., 1987, pág. 353.
Sin embargo, aun cuando la conjunción “y” se considera copulativa y la conjunción “o” disyuntiva, se ha indicado que sus significados son intercambiables y que pueden ser sustituidas de manera que la conjunción “o” puede ser leída como “y”, o viceversa. Pueblo v. Villafañe, Contreras, 139 D.P.R. 134, 145 (1995). Véanse, además: Pérez, Pellot v. J.A.S.A.P, 139 D.P.R. 588, 597 (1995); Pueblo v. Mantilla, 71 D.P.R. 36, 42 (1950); Bernier y Cuevas Segarra, op. cit., pág. 353. No obstante, tal sustitución se realizará *863 cuando sea necesario para cumplir con la intención legis-lativa del estatuto en controversia. Pérez, Pellot v. J.A.S.A.P., supra, pág. 597; Pueblo v. Mantilla, supra, pág. 42.
C. En el caso ante nos, a pesar de que seis (6) funcio-narios del Estado fueron demandados en el pleito y que el Departamento de Justicia asumió su representación legal, el Tribunal de Apelaciones concluyó que el plazo para in-coar el recurso de apelación ante tal foro era de treinta (30) días a partir del archivo en autos de una copia de la noti-ficación de la sentencia del Tribunal de Primera Instancia, ya que el Estado no fue incluido en el litigio.
No obstante, los peticionarios sostienen que la interpre-tación del Tribunal de Apelaciones es contraria a la inten-ción por la cual se estableció el término de sesenta (60) días y que, al ser parte del pleito varios funcionarios del Estado, ello era suficiente para que aplicara ese plazo.
Al analizar los propósitos que motivaron el que se insti-tuyera el término de sesenta (60) días, debemos comenzar por señalar que, cuando se aprobaron las Reglas de Proce-dimiento Civil de 1979, el Tribunal de Apelaciones no for-maba parte de nuestro Sistema Judicial. Solamente contá-bamos con: el Tribunal Supremo y el Tribunal de Primera Instancia el cual estaba compuesto de dos (2) secciones, a saber, el Tribunal Superior y el Tribunal de Distrito. Sec. 1 y 9 de la Ley Núm. 11 de 24 de julio de 1952, según enmen-dada, conocida como Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, 4 L.P.R.A. secs. 1 y 61 (Supl. 1978). Al no existir el Tribunal de Apelaciones, una vez concluían los procesos ante el Tribunal de Primera Instan-cia, las partes podían acudir directamente a este Tribunal para solicitar la revisión de las determinaciones del foro primario. Sec. 14 de la Ley Núm. 11 (4 L.P.R.A. sec. 37 (Supl. 1978)).
Como parte de su competencia, este Foro podía revisar las sentencias civiles finales que fuesen emitidas por el *864 Tribunal Superior.(6) Id. Ello se efectuaba a través de un auto de revisión, el cual se concedía de manera discrecional. (7) Id.
Originalmente, había un solo término para formalizar el auto de revisión el cual constaba de treinta (30) días a partir del archivo en autos de copia de la notificación de la sentencia recurrida. Véase la Regla 53.1 de Procedimiento Civil de 1979, supra. Sin embargo, este plazo resultaba ser muy breve en los casos en los que el Estado, sus funciona-rios o agencias que no fuesen una corporación pública acu-dieran en revisión ante nos. Exposición de Motivos de la Ley Núm. 143 de 19 de julio de 1986 (1986 Leyes de Puerto Rico 465).
Tradicionalmente, la representación de estas personas y organismos ante el Tribunal de Primera Instancia, por lo general, ha estado a cargo de abogados de varias divisiones del Departamento de Justicia. Id. No obstante, cuando el Estado, sus funcionarios o agencias son parte o tienen al-gún interés en procedimientos ante los tribunales apelati-vos, el caso es referido a la Oficina del Procurador General la cual asume la representación en tales foros. Id. Véase, además, Art. 60 de la Ley Núm. 205 de 9 de agosto de 2004, conocida como Ley Orgánica del Departamento de Justicia, 3 L.P.R.A. sec. 294L
Este fraccionamiento en la representación legal ocasio-naba que en la mayoría de los casos en los cuales el Estado, *865 los fimcionarios o sus agencias que no fueren corporación pública decidían acudir ante este Tribunal a través de un auto de revisión, estos se referían a la Oficina del Procura-dor General próximo a vencerse el término de treinta (30) días que se disponía para incoar tal solicitud. Exposición de Motivos de la Ley Núm. 143, supra. Ello se debía a que el trámite de estos casos requería una coordinación efectiva entre las distintas divisiones del Departamento de Justicia y la Oficina del Procurador General la cual, generalmente, consumía más de la mitad del término dispuesto para pre-sentar el auto de revisión. íd. Esta situación provocaba que se redujera considerablemente el tiempo que tenía el Procu-rador General para evaluar, estudiar y formalizar tal recurso. íd. Informe de la Comisión de lo Jurídico Civil del Senado sobre el P. del S. 841 de 22 de mayo de 1986.
Para atender este problema, se aprobó la Ley Núm. 143, supra. A través de este estatuto, se amplió el término para presentar el auto de revisión a sesenta (60) días en aque-llos casos en que el Estado, sus funcionarios o agencias que no fueran una corporación pública eran parte en el pleito. Con esta enmienda se buscaba asegurar que tales organis-mos y fimcionarios contaran “con un plazo adecuado para proteger los intereses del Pueblo de Puerto Rico, sin me-noscabo de los intereses de las otras partes en el pleito, a quienes también les beneficia la ampliación del plazo”. Ex-posición de Motivos de la Ley Núm. 143, supra, pág. 466. Véanse, además: Almodovar v. Warren Electric Co., 140 D.P.R. 906, 910 (1996); Rivera v. E.L.A., 140 D.P.R. 168, 173 (1996).
Posteriormente, la Regla 53.1 de Procedimiento Civil de 1979, supra, sufrió varios cambios.
En primer lugar, este precepto fue enmendado mediante la Ley Núm. 108 de 7 de diciembre de 1993 (32 L.P.R.A. Ap. III). Según el historial legislativo de este estatuto, los mu-nicipios de Puerto Rico tenían un problema similar al que afrontaba el Procurador General cuando se aprobó la Ley *866 Núm. 143, supra. Informe de la Comisión de lo Jurídico Civil del Senado sobre el P. de la C. 344 de 7 de junio de 1993. El término de treinta (30) días para formalizar el auto de revisión resultaba ser muy limitado para los mu-nicipios, ya que la preparación del caso requería una coor-dinación efectiva entre diversas divisiones o dependencias lo cual consumía tiempo adicional a los abogados que los representaban. Id. Es por ello que, a través de la Ley Núm. 108, supra, el plazo de sesenta (60) días se extendió a aque-llos casos en que los municipios eran parte del pleito.
En segundo lugar, la Regla 53.1 de Procedimiento Civil de 1979, supra, fue enmendada como consecuencia de la aprobación del Plan de Reorganización de la Rama Judicial Núm. 1 de 28 de julio de 1994, conocido como Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22 et seq.) (Supl. 1996), mediante el cual, inter alia, se creó el antiguo Tribunal de Circuito de Apelaciones como un tribunal apelativo intermedio entre el Tribunal de Primera Instancia y este Tribunal. Con la creación de este foro, las sentencias finales dictadas en caso civiles ante el Tribunal de Primera Instancia (incluyendo las sentencias emitidas por el Tribunal de Distrito, el cual se encontraba en pro-ceso de abolición) ahora eran revisables mediante la pre-sentación de un recurso de apelación ante el Tribunal de Circuito de Apelaciones. Art. 4.002 del Plan de Reorgani-zación Núm. 1 (4 L.P.R.A. sec. 22k (Supl. 1996)).
Para conformarla a este cambio, la Regla 53.1 de Proce-dimiento Civil, supra, fue modificada mediante la Ley Núm. 249 de 25 de diciembre de 1995 de manera que los términos de treinta (30) y sesenta (60) días dispuestos para el auto de revisión ahora fuesen aplicables al recurso de apelación ante el foro apelativo intermedio, hoy día cono-cido como Tribunal de Apelaciones.(8)
*867 Según se puede apreciar, a pesar de que la Regla 53.1 de Procedimiento Civil de 1979, supra, fue enmendada con posterioridad a la aprobación de la Ley Núm. 143, supra, el Procurador General, así como las demás partes involucra-das en el pleito, continuaron disfrutando del beneficio de la extensión del término de sesenta (60) días para solicitar que se revise una sentencia dictada por el Tribunal de Pri-mera Instancia, el cual aplica a aquellos casos en el que el Estado, sus funcionarios o agencias que no sean una cor-poración pública, o los municipios de Puerto Rico, sean parte. De esta manera, se mantuvo el propósito de la Ley Núm. 143, supra, de proveerle al Procurador General tiempo suficiente para tramitar los casos que le son referi-dos de las distintas divisiones del Departamento de Justi-cia de forma que pueda representar adecuadamente al Es-tado en los tribunales apelativos en todos aquellos procedimientos civiles en que este último sea parte o tenga algún interés.
D. Al analizar si es necesario que el Estado sea in-cluido en el pleito para que aplique el plazo de sesenta (60) días, es importante señalar que, en ocasiones, el Procura-dor General tiene el deber de representar a funcionarios o exfuncionarios del gobierno aunque el Estado no sea parte en el litigo.
La Ley Núm. 104, supra, permite que se demande al Estado o a un funcionario o empleado público, “cuando éste actúa negligentemente u omite actuar según su deber dentro del marco de las funciones propias de su cargo o empleo”. García v. E.L.A., 146 D.P.R. 725, 734-735 (1998). Esta demanda se puede incoar contra el Estado o el funcionario, o contra ambos conjuntamente. González Pérez v. E.L.A., 138 D.P.R. 399 (1995); De Paz Lisk v. Aponte Roque, 124 D.P.R. 472 (1989).
Conforme al Art. 12 de la Ley Núm. 104, supra, los funcionarios o exfuncionarios del Estado que sean de- *868 mandados en su carácter personal por actos u omisiones ocurridos en el marco de sus funciones oficiales tienen el derecho a solicitar que el Estado les provea representación legal.
Para implantar esta directriz, el Departamento de Jus-ticia aprobó el Reglamento sobre Representación Legal y Pago de Sentencia, Reglamento Núm. 7622 del Departa-mento de Justicia, 3 de diciembre de 2008. Este cuerpo reglamentario establece, inter alia, el procedimiento que deben seguir los funcionarios del Estado que sean deman-dados en su carácter personal para solicitar y obtener la representación del Departamento de Justicia.
Como parte de sus disposiciones, el Reglamento dispone que, una vez el Departamento de Justicia determine pro-veer representación legal a un funcionario, tal representa-ción se extiende a “todos los procedimientos de revisión o apelativos que el Procurador General o el Secretario de Justicia decidan promover”. Art. 33(a)(1) del Reglamento sobre Representación Legal y Pago de Sentencia, supra, pág. 32.
Por lo tanto, cuando una persona demanda directamente a un funcionario del Estado por violaciones a derechos civiles cometidos por éste en el ejercicio de sus funciones oficiales y el Departamento de Justicia se hace cargo de su representación legal, el Procurador General estará obligado a representar a tal funcionario ante los tribunales apelativos aunque no se demande directamente al Estado. El Procurador General tendrá las mismas obligaciones y deberá llevar a cabo los mismos procedimientos que realizaría en los casos en los que el Estado sea parte en el pleito; lo cual incluye incoar un recurso de apelación ante el Tribunal de Apelaciones si ello resulta procedente. Véase el Art. 60 de la Ley Núm. 205, supra.
*869 HH I — I HH
En el marco jurídico enunciado, procedamos a resolver la controversia ante nuestra consideración.
Según indicamos, tanto la Regla 53.1 de Procedimiento Civil, supra, como la Regla 13(A) del Reglamento del Tribunal de Apelaciones, supra, disponen que el término de sesenta (60) días será aplicable en aquellos casos en los que el Estado, sus funcionarios o agencias, que no sean una corporación pública, o los municipios sean parte en el pleito. En ambos estatutos se utiliza la conjunción disyun-tiva “o” al expresar las personas o entidades que deben estar incluidos en el litigo para que aplique el término de sesenta (60) días para presentar el recurso de apelación ante el Tribunal de Apelaciones. Al emplearse esta conjun-ción, no es necesario que esté presente cada uno de ellos para que aplique este término, sino que basta con que sea parte cualquiera de las personas u organismos señalados. Por lo tanto, si la demanda se dirige contra uno o varios funcionarios del Estado, no es necesario que se incluya al Estado para que aplique el término de sesenta (60) días, ya que tal situación está cobijada por la Regla 53.1 de Proce-dimiento Civil, supra, y por la Regla 13(A) del Reglamento del Tribunal de Apelaciones, supra.
El período de sesenta (60) días aplicará si está presente el Estado o sus funcionarios o cualquiera de las demás en-tidades mencionadas en las reglas. Opinamos que si la in-tención al establecerse ese período era exigir la inclusión del Estado en el pleito como requisito para que aplicara el mencionado término de sesenta (60) días, se hubiese utili-zado la conjunción “y” en Ia redacción de ambos cuerpos estatutarios.
Por otro lado, aunque la conjunción “o” puede leerse como conjunción “y” en aquellos casos que sea necesario para cumplir con la intención legislativa del estatuto que *870 se interprete, en este caso no procede hacer tal sustitución. La enmienda introducida a través de la Ley Núm. 143, supra, para extender el término para presentar el recurso de revisión, ahora de apelación, se llevó a cabo con el pro-pósito de proveerle al Procurador General tiempo sufi-ciente para prepararse adecuadamente para sus casos, ya que el término de treinta (30) días resultaba ser muy corto debido a la dilación que existía en la tramitación de los casos entre las divisiones internas del Departamento de Justicia y la Oficina del Procurador General.
Como hemos visto, cuando el Departamento de Justicia asume la representación de un funcionario público que es demandado en su carácter personal por actos u omisiones incurridos por éste en el ejercicio de sus deberes oficiales, el Procurador General tiene el deber de continuar tal re-presentación ante los foros apelativos aunque el Estado no sea incluido en el pleito. En ese tipo de casos, si el término aplicable fuera el de treinta (30) días, ocurriría el mismo problema que la Ley Núm. 143, supra, trató de evitar. Los casos que son tramitados por las distintas divisiones del Departamento de Justicia a nivel de primera instancia se-rían referidos a la Oficina del Procurador General cerca del vencimiento del plazo para presentar el recurso de apelación. El Procurador General no tendría tiempo sufi-ciente para examinar cuidadosamente el expediente, llevar a cabo las investigaciones que estime pertinentes, reunirse con los abogados de las otras partes de ser necesario, entre otras. Por lo tanto, la intención del legislador al aprobar la Ley Núm. 143, supra, era cobijar también aquellos casos en que se demanden a funcionarios del Estado directa-mente por actos u omisiones cometidos en el ejercicio de sus deberes y que sean representados por el Procurador General aunque el Estado no haya sido incluido en el litigio.
Conforme a lo expresado, el hecho de que el Estado no sea parte en este caso no implica que el término aplicable *871 para presentar el recurso de apelación ante el Tribunal de Apelaciones era el de treinta (30) días. El peticionario in-coó su demanda contra varios maestros y policías en su carácter personal en la que alegó que éstos le habían vio-lado sus derechos civiles como consecuencia de varios actos que tales personas alegadamente cometieron mientras des-empeñaban sus deberes oficiales. Además, el Procurador General era el representante legal de estos funcionarios ante el Tribunal de Apelaciones toda vez que el Departamento de Justicia asumió esa representación ante el tribunal de instancia conforme a lo dispuesto en el Art. 12 de la Ley Núm. 104, supra.
En vista de que varios funcionarios del Estado forman parte del pleito y que el Procurador General los represen-taba legalmente ante el tribunal a quo, el peticionario con-taba con un término de sesenta (60) días a partir del ar-chivo en autos de copia de la notificación de la Sentencia del Tribunal de Primera Instancia para presentar su re-curso de apelación ante el Tribunal de Apelaciones.
La sentencia del foro primario, cuya revisión se solicita, fue dictada y notificada el 28 de diciembre de 2009. Por otra parte, el recurso de apelación en controversia fue pre-sentado ante el Tribunal de Apelaciones el 26 de febrero de 2010, sesenta (60) días después de emitido el dictamen por el foro primario. Por lo tanto, el recurso de apelación fue presentado en el plazo dispuesto para ello por lo que el foro apelativo intermedio tiene jurisdicción para atenderlo.
IV
Por los fundamentos expuestos, se expide el auto de “cer-tiorari”, se revoca la sentencia dictada por el Tribunal de Apelaciones y se devuelve el caso a ese foro para que atienda la apelación instada en sus méritos.

Se dictará Sentencia de conformidad.

*872 La Juez Asociada Señora Rodríguez Rodríguez disintió sin opinión escrita.

 En la demanda también se incluyó a Marta Torres Delgado como demandada. No obstante, el 29 de septiembre de 2008 los peticionarios desistieron de su reclamación contra la señora Torres Delgado lo cual se hizo constar en una “Sen-tencia Parcial de Archivo por Desistimiento” emitida por el Tribunal de Primera Instancia el 7 de octubre de 2008.

 Originalmente, el 8 de mayo de 2003, los peticionarios instaron una demanda contra los recurridos ante el Tribunal Federal de Estados Unidos para el Distrito de Puerto Rico por los alegados actos mencionados. En su solicitud, los peticionarios invocaron la jurisdicción y competencia del foro federal al amparo de la Ley Federal de Derechos Civiles, 42 U.S.C.A. secs. 1983, 1985 y 1986. Además, hicieron una alegación de reserva de jurisdicción pendiente, reteniendo así el derecho a presentar reclamaciones al palio de la Constitución y las leyes de Puerto Rico ante los tribu-nales estatales o federales contra el Estado Libre Asociado o de sus dependencias. Luego de varios trámites procesales, mediante Sentencia de 16 de febrero de 2006, el Tribunal de Distrito Federal desestimó sin peijuicio la reclamación.

 El Art. 12 fue añadido a la Ley Núm. 104 de 29 de junio de 1955, a través de la Ley Núm. 9 de 26 de noviembre de 1975 (32 L.P.R.A. sec. 3085).

 En reiteradas ocasiones hemos señalado que las normas de carácter procesal, como regla general, tienen efecto retroactivo, por lo que aplican tanto a las acciones pendientes al momento de su vigencia como a las incoadas con posterioridad a la vigencia de estas. Lincoln Saos. Bank v. Figueroa, 124 D.P.R. 388, 394-395 (1989); Ortiz v. Fernós López, 104 D.P.R. 851, 852 (1976); Reyes v. Mayagüez Transport, 86 D.P.R. 273, 281 (1962); Souchet u. Cosío, 83 D.P.R. 758, 762 (1961); Fajardo v. Tribunal de Distrito, 69 D.P.R. 476, 481 (1949); Mason v. White Star Bus Line, 53 D.P.R. 337, 340-341 (1938); Ojeda v. Gavilán, 46 D.P.R. 399, 401 (1934). Véase, además, R. Hernández Colón, Práctica jurídica de Puerto Rico: derecho procesal civil, 5ta ed., San Juan, Ed. LexisNexis, 2010, See. 203, págs. 18-19.
Sin embargo, esta regla debe aplicar solo a incidentes que aún estén por ocurrir luego de que entre en vigor el nuevo estatuto procesal; no en cuanto a cuestiones que ya fueron dilucidadas mediante la antigua norma. Hernández Colón, op. cit., págs. 19 y 24-25.
En este caso, la decisión del foro apelativo sobre la falta de jurisdicción se emitió fundamentándose en la Regla 53.1 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III), la cual se encontraba vigente cuando el Tribunal de Apelaciones dictó su sentencia. Por lo tanto, aunque actualmente se encuentran vigentes las Reglas de Procedimiento Civil de 2009 (32 L.P.R.A. Ap. V), nos corresponde analizar la contro-versia ante nuestra consideración en conformidad con las Reglas de Procedimiento Civil de 1979.
No obstante, conviene aclarar que la Regla 52.2 de Procedimiento Civil de 2009, supra, recoge esencialmente los mismos términos y las mismas condiciones que se establecían en la Regla 53.1 de Procedimiento Civil de 1979, supra, con relación a la presentación del recurso de apelación ante el Tribunal de Apelaciones.

 Real Academia Española, Diccionario de la Lengua Española, 22da ed., Madrid, Ed. Espasa Calpe, 2001, T. II, pág. 2326.

 Sobre este asunto conviene aclarar que las sentencias que dictaba el Tribunal de Distrito en los casos civiles que se ventilaban ante esa sección eran apelables ante el Tribunal Superior. No obstante, la determinación que emitía el Tribunal Superior con relación a tal apelación podía ser revisada ante el Tribunal Supremo mediante el recurso de certiorari. Sec. 14 de la Ley Núm. 11 de 24 de julio de 1952, según en-mendada, conocida como Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, 4 L.P.R.A. see. 37 (Supl. 1978).

 Las apelaciones provenientes del Tribunal Superior en casos civiles eran permisibles cuando se planteaba una cuestión constitucional sustancial al amparo de la Constitución de Puerto Rico o de la Constitución de Estados Unidos de América. Sec.ción 14 de la Ley Núm. 11 de 24 de julio de 1952, según enmendada, conocida como Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, 4 L.P.R.A. sec. 37 (Supl. 1978). Véanse, además: Rivera v. E.L.A., 140 D.P.R. 168, 171-172 (1996); Bermúdez v. Ortiz, 80 D.P.R. 707, 708 (1958).

 Véanse los Arts. 4.001 a 4.008 de la Ley Núm. 201 de 22 de agosto de 2003, según enmendada, conocida como Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 (4 L.P.R.A. secs. 24t a 25).